**STANDARD NEWSPAPERS, INC.,**
**Plaintiff-Appellee,**

v.

**Jeffrey KING, Defendant-Appellant,**
**and**

**Joseph Wolf, J & W Newsprinters, Inc.,**
**and Alfred Luciano, Defendants.**

**No. 377, Docket 30172.**

United States Court of Appeals
Second Circuit.

Argued March 16, 1967.

Decided March 27, 1967.

John G. Ledes, Katonah, N. Y. (Gabriel I. Levy, Yonkers, N. Y., on the brief), for defendant-appellant.

William J. Ryan, New York City (Royall, Koegel & Rogers, New York City, on the brief), for plaintiff-appellee.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

Jeffrey King appeals from a denial of a motion under Fed.R.Civ.P. 60(b) (1) to vacate a default judgment entered against him in January 1965. The case arises out of the 1963 newspaper strike in New York City, when plaintiff Standard Newspapers, Inc. published a newspaper entitled "The New York Standard" and appellant commenced publication of another newspaper called "New York Public Affairs." In January 1963, plaintiff brought a copyright infringement suit against defendants, alleging that appellant had copied from plaintiff's newspaper. Plaintiff sought injunctive relief and damages; in March 1963, Judge Dawson filed detailed findings of fact and conclusions of law and, on appellant's consent, issued a preliminary injunction. Appellant defaulted, not serving his answer, and over a year later, in June 1964, the case was placed on the calendar for an inquest. Judge Bonsal conducted the inquest on October 8, 1964, and issued findings of fact and conclusions of law on January 5, 1965, assessing plaintiff's recovery at $5,274.68. In September 1965, defendant brought his Rule 60(b) motion; Judge Palmieri heard the motion on October 5, and denied it on October 6, 1965.

Appellant first argues that the judge's failure to assign a written reason for denial of the motion was an abuse of discretion. While it would be better for a district judge to indicate briefly by written endorsement or otherwise the reason for refusing to reopen a judgment, the papers and transcribed argument below indicate both that the court had studied the matter and why it denied the motion. Under these circumstances, there was no abuse of discretion; we do not read Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962), relied on by appellant, as requiring a different conclusion. Appellant also contends that Judge Palmieri's refusal to allow filing of reply affidavits and argument based thereon was an abuse of discretion. But the record shows that the substance of the affidavits was orally presented to the judge—as indeed it was to us[1]—although the affidavits themselves were technically not part of the record.

The principal argument made below was that neither appellant's prior counsel nor appellant himself received proper notice of various steps in the proceeding. But it is clear to us—as it was to Judge Palmieri—that appellant's first attorney dropped out of the case at an early stage and that appellant, dealing directly with plaintiff's counsel, knew about the default and inquest in the fall of 1964, well before Judge Bonsal filed his opinion fixing damages, and was aware of the default judgment shortly after its entry in January 1965. Nevertheless, the motion to vacate was not brought until September 1965, after steps had been taken to execute the judgment on appellant's bank accounts and salary. Moreover, the reason given for the prior attorney's "excusable neglect" in not filing an answer after allegedly being instructed to do so in January 1963—misplacing papers in the excitement of moving an office—is frivolous; the move was made in April 1964, over fourteen months after the action was begun. It is also worth noting—as Judge Palmieri did—that no affidavit from appellant's former attorney was produced. Under these circumstances, we will not hold that Judge Palmieri abused his discretion in refusing to vacate the judgment. Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d 114 (2d Cir. 1962); see West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966) (per curiam); Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H., 324 F.2d 234 (2d Cir.1963) (per curiam). We have considered appellant's other arguments and they are similarly without merit.

Judgment affirmed.

1. The affidavits also appear in appellant's appendix on appeal.