**UNITED STATES of America,**
**Appellee,**

v.

**Meyer STANLEY, Appellant.**

**No. 154, Docket 33537.**

United States Court of Appeals
Second Circuit.

Argued Sept. 19, 1969.

Decided Oct. 6, 1969.

**318**

Seymour Frank, New York City, for appellant.

Lawrence G. Soicher, Asst. U. S. Atty., Brooklyn, N. Y. (Vincent T. McCarthy, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., of counsel), for appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

**PER CURIAM:**

Meyer Stanley was the president of Stanley Industries, a corporation defunct at the time of trial, which had manufactured restaurant equipment and supplies in New York. Stanley, his brother Louis Stanley, and Stanley Industries were charged with three counts under the Fair Labor Standards Act (29 U.S.C. §§ 201–219): (1) employing and knowingly paying employees at less than the required overtime pay, (2) failing to keep records and (3) shipping goods that were so produced in interstate commerce. Only Meyer Stanley was found guilty by the jury. From this conviction he appeals. A bill of particulars specified that the employees involved were office personnel employed by Stanley Industries. At trial evidence as to transactions of three subsidiary corporations was admitted. Appellant contends that such evidence should have been excluded and that without such proof there is insufficient evidence to support the conviction.

The violations charged in the information were for acts done by appellant in his capacity as employer. 29 U.S.C. §§ 207, 211(c). The trial judge properly charged the jury that an individual can be an "employer" as to all corporations constituting a single enterprise. For the purposes of the Fair Labor Standards Act, "enterprise" includes all related activities performed for a common business purpose even if performed by one or more corporate units. 29 U.S.C. § 203 (r). There is abundant evidence in the record that Stanley Industries and its subsidiaries were a single "enterprise." They were all located at the same address; production employees were shifted from one to another; the bookkeeping for all was performed by the same employees. Thus the Government had laid an adequate foundation for the production of evidence of the subsidiary corporations' activities to show Stanley's status as an "employer."

The activities of the subsidiary corporations are also relevant in showing that the employees were "engaged in commerce or in the production of goods for commerce." Under the Act an employee is deemed to be engaged in the production

of goods if his occupation is "directly essential to the production thereof." 29 U.S.C. § 203(j). The work of the office employees of Stanley Industries was directly essential to the production of goods by Stanley Industries and its subsidiaries. Therefore, the interstate commerce activities of Stanley Industries and its subsidiaries show that the office employees are within the coverage of the Act. To the extent that his employees are covered by the Act, an employer himself is engaged in interstate commerce. Kirschbaum Co. v. Walling, 316 U.S. 517, 524, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942).

Even without the evidence as to the subsidiaries, there was evidence before the jury to support a finding that Stanley Industries itself was engaged in interstate commerce.

We find no error arising from the presence of a Labor Department investigator during the trial in contravention of the court's order excluding all prospective witnesses from the court room. The thrust of the investigator's testimony was to prove that Stanley acted knowingly since previous violations had been brought to his attention. He also gave testimony showing Stanley had control over the office employees. The evidence on the issue of scienter and any testimony which might bear on the issue of control related to events not covered by previous witnesses. Hence there was no overlap between the testimony he gave and that which he heard.

We similarly reject as without merit the contention that appellant was prejudiced by the failure of the corporate defendant to appear in the proceeding. Neither was there prejudice to appellant in the offhand remark about a "bugging" device in the Stanley Industries offices. This remark was elicited by appellant's attorney himself when he asked the witness about electronic transcriptions.

On cross-examination, appellant's counsel sought to impeach witnesses by asking them if they had been promised reimbursement for their overtime work.

The witnesses denied that such promises had been made. Then, at the sentencing, a Labor Department representative asked for reimbursement to employees pursuant to the Federal Probation Act. 18 U.S.C. § 3651. This request, in itself, furnishes no basis for a retrial. The issue of the witnesses' credibility was adequately presented to the jury.

We find no error in the sentence imposed by the trial judge. The Act provides for a fine of not more than $10,-000 for a willful violation. 29 U.S.C. § 216(a). Thus, a $7,500 fine for three counts cannot be said to be excessive.

Affirmed.