George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

CHALK–FITZGERALD CONSTRUCTION CO., Inc. and Kenneth D. Chalk, Defendants.

Civ. A. No. 69–363–J.

United States District Court, D. Massachusetts.

March 25, 1970.

Albert H. Ross, Regional Atty., James G. Johnston, Floyd G. Ansley, Attys. United States Dept. of Labor, for plaintiff.

Harry Sesnovich, Daniel Sesnovich, Boston, Mass., for defendants.

## OPINION

JULIAN, District Judge.

This action is brought by the Secretary of Labor under section 17 of the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 217) to enjoin defendants, Chalk-Fitzgerald Construction Co., Inc. and Kenneth D. Chalk, from violating the overtime provisions of the Act, 29 U.S.C. § 207, and to restrain the defendants from the continued withholding of overtime compensation due employees under the Act.

The case was tried to the Court sitting without a jury. On the basis of the evidence and the "Stipulation of Parties," the facts are as follows. Chalk-Fitzgerald Construction Co., Inc. was properly incorporated on September 7, 1967, under the laws of the Commonwealth of Massachusetts. The parties have stipulated that during the period pertinent to this action the defendant Chalk was president and treasurer of the defendant corporation,

"and, as such, was authorized and did hire the employees named in the attached Schedule A to work for said defendant corporation and that in his official capacity he actively managed, supervised and directed the business affairs and operations and acted at all times directly and indirectly in the interests of said defendant corporation in relation to its employees and otherwise in that he was authorized to hire, fire, negotiate salaries, and otherwise direct the activities of said corporation's employees."

(Par. 9 of Stipulation of Parties.)

It was also stipulated "that there was no fraud involved in the formation of the defendant corporation nor in the employment of the employees listed on the attached Schedule A."

The defendant Chalk owned 58 out of 60 shares of stock issued by the corporation. The last meeting of the board of directors was October 16, 1967. The corporation ceased doing business January 1, 1969.

From March 1, 1968, to October 17, 1968, the persons named in Schedule A of the Stipulation were employees of the defendant Chalk-Fitzgerald Construction Co., Inc. and performed various work in connection with the construction of interstate highway No. 95 in and around Topsfield, Massachusetts. During this period the employees were not paid the overtime premium for hours worked in excess of 40 per workweek, resulting in underpayments as reflected in Schedule A.

It is stipulated that the work of the employees entitled them to the protection of the Fair Labor Standards Act. It is also stipulated that the Court has jurisdiction of the parties and subject matter under section 17 of the Act. 29 U.S.C. § 217.

The issue in this case is whether the defendant Chalk, as an individual, is liable with the defendant corporation for the unpaid overtime compensation

owed to the employees listed in Schedule A.

In the Fair Labor Standards Act an "employer" includes:

"any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any State or political subdivision of a State * * or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

■ The Court finds that the defendant Chalk acted directly and indirectly in the interest of the corporate defendant in relation to the employees listed in Schedule A and was therefore their "employer" within the meaning of the Act.

Section 7 of the Act, 29 U.S.C. § 207, provides that no "employer" shall employ certain employees, such as the employees herein involved, for more than 40 hours per workweek unless he pays overtime at a rate not less than one and one-half times the regular rate at which they are employed. 29 U.S.C. § 207(a) (1). Liability for violation of this provision is fashioned by section 17 of the Act, 29 U.S.C. § 216(b). The latter section reads in pertinent part:

"[A]ny employer who violates the provisions of * * * section 207 * * shall be liable to the employee or employees affected in the amount of * * their unpaid overtime compensation * * *."

It follows that the corporate defendant and the defendant Chalk are both liable to the listed employees respectively in the amount of their unpaid overtime compensation.

The defendant Chalk contends that on the facts of this case he cannot be held personally liable for the unpaid compensation; that the corporate defendant was in fact the sole employer; and that everything he did in relation to the corporation's employees was done in his representative capacity as an officer and agent of the corporation.

■ In essence, the defendant Chalk interposes a basic concept of the nature of the corporate entity as precluding a finding of individual liability under the Fair Labor Standards Act. Limitation of liability is, of course, a cornerstone of the law of corporations. The stockholders and officers of a corporation are not ordinarily personally liable for the acts and obligations of the corporation. The corporate entity is distinct although all or a majority of its stock is owned by a single individual.

■ The position taken by the defendant Chalk, however, is untenable. Congress has in effect provided that for the purposes of the Act any person who acts directly or indirectly in the interest of an employer in relation to an employee shall be subject to the same liability as the employer. As to such person, liability is predicated not on the existence of an employer-employee relationship between him and the employee but on the acts he performs in the interest of the employer in relation to the employee. It makes no difference whether such person is a stockholder or officer of the corporate employer. Indeed, it makes no difference whether the employer is a corporation or a natural person.

Cases which have considered the issue have found that a president and principal managing officer of a corporation is an "employer" within the meaning of the Act. Chambers Constr. Co. v. Mitchell, 1956, 8 Cir., 233 F.2d 717. See also United States v. Stanley, 1969, 2 Cir., 416 F.2d 317, and Fortuna Broom Co. v. Wirtz, 1967, 5 Cir., 379 F.2d 327. No case has been cited holding that such an individual is not an "employer." None has been found.

The Court finds both defendants jointly and severally liable to the persons listed in Schedule A attached hereto in the amounts stated opposite their respective names for the total sum of $2,655.50 with interest from the date the overtime compensation was due and payable until paid, and with costs.

**1258**

It is ordered that the defendants pay said amounts to the plaintiff forthwith and that the plaintiff distribute the same to the persons entitled thereto in accordance with said Schedule A.

It is further ordered that the defendants be permanently enjoined from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(2) and (a)(5).

U.S. DEPARTMENT OF LABOR
WAGE AND HOUR AND PUBLIC CONTRACTS DIVISIONS

SUMMARY OF UNPAID WAGES

Establishment Chalk-Fitzgerald Construction Co. Inc. Address 2011 County St., Dighton, Mass.

| 1. NAME | 2. ADDRESS | 3. PERIOD COVERED by Workweek Ending Dates | | 4. ACTS FLSA | PCA | SCA | 5. GROSS AMOUNTS DUE |
|---|---|---|---|---|---|---|---|
| 1 Ronald Begin | 50 Andover St. Lawrence, Mass. | 3/8/68 | 9/21/68 | | | | $ 451.34 |
| 2 Ronald Blaisdell | 15 Harvey St. Everett, Mass. | 6/21/68 | 8/8/68 | | | | 26.10 |
| 3 John Brosciani | 39 Falmouth St. Lawrence, Mass. | 3/29/68 | 6/8/68 | | | | 230.66 |
| 4 Robert Goff | Anawan St. Rehoboth, Mass. | 3/1/68 | 5/3/68 | | | | 294.22 |
| 5 Joseph Gomas, Jr. | Hart St. Dighton, Mass. | 9/12/68 | 10/17/68 | | | | 261.45 |
| 6 Wallace Leighton | 17 Harbor View Rd. Hull, Mass. | 3/16/68 | 3/16/68 | | | | 9.90 |
| 7 Walter Mallilt | 111 Grant St. Lynn, Mass. | 7/20/68 | 10/17/68 | | | | 400.50 |
| 8 David Pasker | 15 George St. Attleboro, Mass. | 3/1/68 | 10/17/68 | | | | 644.73 |
| 9 William Rand | 56 Tracy St. Peabody, Mass. | 6/1/68 | 6/8/68 | | | | 69.30 |
| 10 Ronald Silvia | 365 Lincoln St. No. Dighton, Mass. | 3/1/68 | 6/22/68 | | | | 260.10 |
| 11 Robert White | 2 Hart St. Lynn, Mass. | 9/14 68 | 9/14/68 | | | | 7.20 |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| | | | | | | TOTAL | $2,655.50 |

Every effort should be made to complete payment by _____ _____

INVESTIGATOR _____ DATE _____

SEE REVERSE SIDE FOR INSTRUCTIONS REGARDING PAYMENT OF BACK WAGES          FORM WH-56 (Rev. 12/66)

"Schedule A"

[A1426]