Nancy **BORMANN**, Individually and on Behalf of all others similarly situated, Plaintiff,

v.

**LONG ISLAND PRESS PUBLISHING CO., INC., et al., Defendants.**

No. 74 C 598.

United States District Court, E. D. New York.

Aug. 5, 1974.

Lefcourt, Kraft & Libow, New York City, for plaintiff.

Sabin, Bermant & Blau, New York City, for defendants.

BRUCHHAUSEN, Senior District Judge.

The complaint alleges that the defendants have violated the provisions of Title VII of the Civil Rights Act of 1964, and the Equal Pay Act of 1963. In substance it charges sex discrimination policies in hiring and employment practices. It also seeks a class action determination under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

Thereafter the defendants moved for an order, pursuant to Rules 12(b)(1) and 12(b)(6), dismissing the complaint on the grounds of lack of jurisdiction of the subject matter and further that it fails to state a claim upon which relief can be granted.

The plaintiff then moved for an order declaring that the within action be maintained as a class action.

The plaintiff was hired by the defendant, Long Island Press Publishing Co., Inc., as an editorial assistant, commencing November 17, 1969. Approximately six months later she inquired of promotional possibilities because she was doing work of a reporter. She was allegedly informed on June 24, 1971 that she was not qualified to be a reporter, and if she persisted in her quest for a promotion, she would be fired. She thereafter on June 29. 1971 filed a complaint with the Equal Employment Opportunity Commission (E.E.O.C.), alleging job discrimination. She also filed a complaint with the New York State Division of Human Rights. An investigation was instituted and the said Division issued a finding of no probable cause. She was immediately fired from her position by the defendant. On August 2, 1971, she filed a new complaint alleging retaliatory firing. Further investigation was commenced and on January 25, 1972, a finding of no probable cause was issued, and she appealed to the Human Rights Appeal Board. The Board reversed and on April 3, 1972 issued a finding of probable cause. The defendants then appealed to the Appellate Division of the Supreme Court of the State of New York, and on November 26, 1973 it reversed the decision of the Appeal Board and reinstated the decision of the New York State Division of Human Rights. 350 N.Y.S. 2d 356. Thereafter on January 17, 1974, she received a right to sue letter from E.E.O.C.

The defendant urges that the statute of limitations time bars any claim pursuant to the Equal Pay Act of 1963. The statute involved is 29 U.S.C. § 255. A cause of action arising under the Fair Labor Standards Act must be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

In the case at bar, the defendant urges the two year limitation protection, and the plaintiff urges the three year exception because of a willful violation of the Act. The Court cannot decide this issue of willfulness, if any, without first taking appropriate proof in open court. Therefore, the Court will defer any such ruling until such proof, if any, is presented during the trial.

Secondly, the defendant urges that jurisdiction is lacking because, pursuant to Title VII of the Civil Rights Act of 1964, the issuance of a "right-to-sue" letter was lacking and the Commission delegated to its District Directors, its authority to issue a "right-to-sue" letter, effective March 18, 1974.

In Stebbins v. Continental Insurance Companies, 143 U.S.App.D.C. 121, 442 F.2d 843 (1971), the Court held in part at page 845:

"* * * We therefore agree with the prevailing view that, in the absence of special circumstances, the notice of right to sue is a jurisdictional prerequisite to suit."

In Shaffield v. Northrop Worldwide Aircraft Services, Inc., D.C., 373 F.Supp.

937, decided March 21, 1974, the Court held in part at page 940:

"* * * The jurisdictional issue, then, is whether this case should be dismissed for lack of jurisdiction because the EEOC is later found to have inadvertently failed to delegate the power to issue suit letters. The spirit and history of Title VII demand that such result be rejected. 'To deny relief under these circumstances would be a meaningless triumph of form over substance.' Choate v. Caterpillar Tractor Co., 402 F.2d 357, 360 (7th Cir. 1968). "Our polestar in this analysis should be the fundamental principle of Title VII that procedural niceties should not be used to impede a claimant in his quest for a hearing on the merits of his case. Burns v. Thiokol Chem. Corp., 483 F.2d 300, 305 (5th Cir. 1973); Sanchez v. Standard Brands, 431 F.2d 455, 465 (5th Cir. 1970)."

In the case at bar, the plaintiff complied with every step provided in the Act. She filed a complaint with the E.E.O.C. together with the New York State Division of Human Rights and finally received a "right-to-sue" letter upon her request, Exhibit E, attached to the complaint, and thereupon brought suit in this court. The fault does not lie with the plaintiff, but with the E.E.O.C.

The Court further held in Shaffield at page 940:

"* * * [The] Courts have been adamant in refusing to penalize Title VII plaintiffs for wrongs or mistakes committed by the EEOC. In Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir. 1969), cert. denied sub nom., Hyler v. Reynolds Metals Co., 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971), the lower court held that an actual attempt at conciliation by the EEOC was a jurisdictional prerequisite to suit. The Court of Appeals refused to adopt such a construction, noting that the dismissal of these cases deprived the aggrieved employee of that right of action, not because of some failure on his part to comply with the requirements of the Title, but for the Commission's failure * * *—a failure that was and will always be beyond the control of the aggrieved party. Id. at 403."

Thirdly, it is urged that Title VII does not permit a cause of action against the individual defendants named herein, but only against the employer.

In 42 U.S.C. § 2000e, Definitions

(b) The term "employer" means a person * * *, and any agent of such a person, * * *."

In Shultz v. Chalk-Fitzgerald Construction Co., D.C., 309 F.Supp. 1255, the Court held in part at page 1257:

"* * * Congress has in effect provided that for the purposes of the Act any person who acts directly or indirectly in the interest of an employer in relation to an employee shall be subject to the same liability as the employer."

See also United States v. Stanley, 416 F.2d 317 (2d Cir. 1969).

The Court cannot presently rule whether or not the named individual defendants acted in the interest of the corporation. Again, the Court will defer any such ruling until such proof, if any, is presented during trial.

The Court rules that the motion to dismiss for failure of the timely issuance by the E.E.O.C. of a "right-to-sue" letter is denied. The remaining grounds concerning the applicable statute of limitations and the action against the individual defendants will be deferred until the Court receives proper proof thereon during the trial of this action.

The plaintiff seeks a determination that the suit proceed as a class action.

The complaint defines the class that "consists of women who have applied for or will apply for and have been or will be refused employment, as well as women employed by defendants who have been or will be denied opportunities for promotion. The class includes all female employees who are, have been, or will be

denied equal pay for equal work and benefits equal to those received by male employees."

The Court must initially find that all the prerequisites for a class action are present as set forth in Rule 23(a) of the Federal Rules of Civil Procedure, namely, (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

■ The Court finds it unnecessary to discuss each prerequisite above as applicable to the facts at bar, except to conclude that a class action here is appropriate.

In Bowe v. Colgate-Palmolive Company, 7 Cir., 416 F.2d 711, the Court held in part at page 719:

"A suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic, i. e., race, sex, religion or national origin."

See Voutsis v. Union Carbide Corporation, 452 F.2d 889 (2d Cir.) (1971), citing Bowe, supra, with approval.

The essential allegation, here, is that the defendants discriminate against all women applicants, past, present, and future female employees, for promotional opportunities. If this charge can be sustained, the class would be entitled to injunctive and declaratory relief to remedy this discrimination. The requirements of Rule 23 are, therefore, satisfied.

Finally, the plaintiff is required pursuant to Rule 23(c)(2) to effectuate individual notice to the class at plaintiff's sole cost and expense. Eisen v. Carlisle & Jacquelin, decided May 28, 1974, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732. This individual notice is mandatory and unambiguous, a requirement of Rule 23.

It is so ordered.