William J. USERY, Secretary of Labor, United States Department of Labor

v.

WEINER BROTHERS, INC. and Robert Weiner.

Civ. No. H–74–125.

United States District Court, D. Connecticut.

March 5, 1976.

Albert Ross, Regional Director, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Neal Ossen, Catherine P. Kligerman, Hartford, Conn., for defendants.

## RULING ON MOTION TO SET ASIDE JUDGMENT

BLUMENFELD, District Judge.

The defendants, Robert Weiner and Weiner Brothers, Inc., have moved to set aside the default judgment previously entered in this case.[1] The complaint was brought in April 1974 under Section 15(a)(2) of the Fair Labor Standards Act of 1938.[2] It alleged that the defendants' employees had been working over forty hours a week without receiving the time-and-a-half overtime compensation required by the statute. Default was entered July 17, 1974, and final judgment on September 23, 1974. Nearly eleven months later, on August 18, 1975, the defendants filed this motion seeking relief from the default judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1) Fed.R. Civ.P.

Rule 60(b) requires that such motions "be made within a reasonable time . . . not more than one year after the judgment . . . was entered . . ." However, the year is not absolute; it is simply the maximum, and laches or undue delay will bar relief, even though the motion is made within one year. 7 J. Moore, *Federal Practice* ¶ 60.22[4], at 267–68 (2d ed. 1975).[3]

The facts of this case bear a striking resemblance to those described in *Standard Newspapers, Inc. v. King*, 375 F.2d 115 (2d Cir. 1967). There the defendant's counsel dropped out of the case shortly after it

---

1. Pursuant to Rule 25(d)(1) Fed.R.Civ.P., William J. Usery, now Secretary of Labor, is substituted as plaintiff.

2. 29 U.S.C.A. § 201 *et seq.* (1970).

3. The delay of less than a year between the entry of judgment and the filing of a Rule 60(b) motion has been considered too long in a number of cases in this circuit, among them: *Standard Newspapers, Inc. v. King*, 375 F.2d 115 (2d Cir. 1967) (nine months); *Cucorillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.*, 324 F.2d 234 (2d Cir. 1963) (eight months); *Ohliger v. United States*, 308 F.2d 667 (2d Cir. 1962) (four months); *Newton v. United States*, 308 F.2d 668 (2d Cir. 1962) (ten months); and *Robinson v. E. P. Dutton & Co.*, 45 F.R.D. 360 (S.D.N.Y.1968) (ten months).

was brought. Here Robert Weiner's affidavit[4] states that he was unsuccessful in his efforts to hire an attorney.[5] There, as here, the defendant proceeded to represent himself through direct dealings with the plaintiff's counsel.[6] There nine months elapsed between the entry of a default judgment and the defendant's filing of a Rule 60 motion. Here nearly eleven months have passed. Finally, there the court found the reasons given for "excusable neglect"— missing papers due to an office move completed months before judgment was entered—to be frivolous. Here the defendants seek to excuse their failure to plead or respond in any manner on grounds that:

> "The period from the commencement of this action and the entry of judgment is the busiest season in the fruit and vegetable business and I could not devote time to this matter."[7]

I find this excuse to be equally frivolous. As Judge Pollack recently noted:

> "In considering Rule 60(b) motions, the Courts have been unyielding in requiring that a party show good reason for his failure to take appropriate action sooner."

*United States v. Martin*, 395 F.Supp. 954, 961 (S.D.N.Y.1975).[8] Defendant Weiner's preoccupation with his other business affairs cannot justify or excuse his failure to attend to this case, representing another (though doubtless less pleasant) aspect of his business affairs. As Judge, later Justice, Whittaker stated:

> "A showing of mere carelessness and negligence does not establish either 'inadvertence' or 'excusable neglect'."

*Federal Enterprises, Inc. v. Frank Allbritten Motors, Inc.*, 16 F.R.D. 109, 112 (W.D. Mo.1954).

 Moreover, there is another ground for denying the defendants' motion. One of the prerequisites to granting a Rule 60(b) motion is the existence of a meritorious defense to the claim. *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139 (S.D.N.Y.1970). The defendants here claim that the Secretary's calculation of back wages due was incorrect because of a failure to credit the employer for employee meal time. This claim is refuted by the affidavit of the compliance officer responsible for this case,[9] and the statement by plaintiff's counsel, at oral argument on this motion, that the morning break for a meal was not included in the computation of overtime. The defendants' other argument is equally without merit, for it is well-established that Mr. Weiner's claimed six per cent interest in the corporation[10] is not determinative of his liability under the Fair Labor Standards Act. Rather, the issue is whether he acted "directly or indirectly in the interest of an employer in relation to an employee

---

**4.** Affidavit of Robert Weiner ¶ 2–3.

**5.** The Court of Appeals has pointed out, in somewhat analogous circumstances, that:
> "If a party lacks funds it is not given to him to decide *ex parte* that he is justified in not prosecuting his suit and is thus free to ignore the rules of the courts."

*Rinieri v. News Syndicate Co.*, 385 F.2d 818, 823 (2d Cir. 1967). Mr. Weiner's decision that the legal fee allegedly requested for handling his defense was too high, and did not warrant retaining an attorney, cannot justify his failure to answer or defend this case nor, indeed, his long delay in moving to reopen the default judgment.

**6.** Mr. Weiner's affidavit indicates that he has been in contact with Attorney Robert Yetman who has represented the Secretary of Labor in this matter from its inception. Affidavit of Robert Weiner ¶ 3–5, 8.

**7.** Affidavit of Robert Weiner ¶ 7.

**8.** That case involved a motion for relief from a default judgment brought under Rule 60(b)(6), Fed.R.Civ.P., which permits a party to seek relief from judgment for "any other reason" provided that such motion be made "within a reasonable time." The reasonable time standards of Rules 60(b)(1) and (6) are not identical, since (b)(1) motions cannot be brought after one year, but the general principle of strict judicial scrutiny enunciated by Judge Pollack is applicable here.

**9.** Affidavit of Leonard M. Mercieri, August 28, 1975 ¶ d.

**10.** Affidavit of Robert Weiner ¶ 9.

**618**

. . . ." 29 U.S.C.A. § 203(d).[11] Mr. Weiner's affidavit does not deny that he acted on behalf of the corporation. Indeed, his assumption of responsibility for the management of this lawsuit, however neglectful, directly undercuts his ability to make any such claim.

Accordingly, the defendants' motion to reopen the default judgment previously entered in this case is denied.

SO ORDERED.

---

11. *See also, Hodgson v. Arnheim and Neely, Inc.,* 444 F.2d 609, 611 (3d Cir. 1971); *United States v. Stanley,* 416 F.2d 317 (2d Cir. 1969); *Chambers Construction Company v. Mitchell,* 233 F.2d 717, 724–25 (8th Cir. 1956); *Shultz v. Chalk-Fitzgerald Construction Co.,* 309 F.Supp. 1255, 1257 (D.Mass.1970).