**W. J. USERY, Jr., etc.**

v.

**SANITAS PEST CONTROL OF VICTORIA.**

**Civ. A. No. 76–V–8.**

United States District Court, S. D. Texas, Victoria Division.

Sept. 19, 1977.

George K. Weber, Dallas, Tex., for plaintiffs.

W. S. Fly, Victoria, Tex., for defendant.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

On the 15th day of June, 1977, this case was called for trial before the Court. At the conclusion of the testimony, the Court announced that it would file its findings of fact and conclusions of law at a later time. That is the purpose of this memorandum.

*Findings of Fact*

1. During the period since July 1, 1973, Defendant Sanitas Pest Control of Victoria has been a corporation with a place of business and doing business in Victoria County, Texas.

2. Defendant, during the period since July 1, 1973, has been engaged in related activities performed through unified operation and common control for a common business purpose within the meaning of Section 3(r) of the Act.

3. During the period since July 1, 1973, Defendant has had an annual gross volume of sales made or business done in excess of $250,000.00.

4. During the period since July 1, 1973, Defendant has had two or more employees engaged in commerce or in the production of goods for commerce.

5. Since July 1, 1973, Defendant has not kept accurate records of daily and weekly hours worked by his employees.

6. Each of the persons listed in Exhibit A attached hereto and incorporated by reference herein was an employee of Defendant at least during the time period listed beside each such person's name.

7. Employees of the Defendant were paid as follows: for service work an employee received 25% of the charge for such service; for sales, the employee received 10% of the value of the sales contract; additionally, a cost of living bonus was added to their paychecks. The salaries were paid without regard to the number of hours worked.

8. Each of the persons listed in Exhibit "A" attached hereto was not a trainee of Defendant in that at all pertinent times such person performed productive work for Defendant from which Defendant derived a benefit.

9. The employees were expected to be at work from between 7:00 or 7:30 a. m. to 5:30 or 6:00 p. m., five days a week, and from 7:00 or 7:30 a. m. until approximately noon on Saturdays. It is established that Defendant failed to pay his employees a rate of pay of not less than one and one-half the regular rate for hours worked in excess of forty hours per week during the period since July 1, 1973.

10. Defendant has paid his employees at rates less than $1.60 per hour for the period July 1, 1973–April 30, 1974; $1.90 per hour for the period May 1, 1974–December 3, 1974; $2.00 per hour for the period January 1, 1975–December 31, 1975; and $2.20 per hour for the period January 1, 1976, to the present.

11. Defendant has failed to pay its employees a rate of pay of not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per week during the period since July 1, 1973.

12. The Defendant supplied the employees with some customer routes, gasoline, equipment, and chemicals necessary for their work.

13. The employees filed work time sheets that reflected actual jobs performed. They did not usually show hours worked nor did they reflect time at the office where employees reported for filling their gas tanks, receiving orders and filling out work time sheets.

14. Defendant did not timely file the so-called Section 7(i) defense. Nevertheless, the employees herein were not "commissioned" employees, nor was the business shown to be a retail concept or that 75% of its sales are recognized as retail in the industry; proof as is required by Section 7(i).

15. As a result of Defendant's employment practices set forth in these findings, the persons listed in Exhibit "A" hereto, which is incorporated by reference herein, are due minimum wage and overtime compensation in the amounts stated for the period July 1, 1973, to the present, together with interest thereon computed at the rate of six percent (6%) per annum from the dates said amounts became due.

16. During previous investigations of Defendant, Defendant's president, Lester Meis, was informed of the requirements of the Act as it applies to Defendant.

17. Defendant's president, Lester Meis, was previously enjoined from violating the Act as it applied to Janitorial Services, Inc., which operates from the same premises as Defendant.

### Conclusions of Law

1. The Court has jurisdiction of this action and of Defendant.

2. During the period since July 1, 1973, the persons listed in Exhibit "A" were employees of Defendant (29 U.S.C. § 203(e)).

3. During the period since July 1, 1973, Defendant has been an employer of the employees listed in Exhibit "A". *Wirtz v. Fortuna Broom Co.*, 53 LC ¶ 31,785 (S.D. Tex.1966), affirmed per curiam, 379 F.2d 327 (5th Cir. 1967); *Chambers Construction Co. v. Mitchell*, 233 F.2d 717 (8th Cir. 1956); *United States v. Stanley*, 416 F.2d 317 (2nd Cir. 1969); *Shultz v. Chalk-Fitzgerald Construction Co.*, 309 F.Supp. 1255 (D.Mass. 1970); *Wirtz v. Pappos Industries*, 51 LC ¶ 31,668 (S.D.Tex.1965).

4. During the period since July 1, 1973, Defendant has been an enterprise within the meaning of section 3(r) of the Act. 29 U.S.C. § 203(r).

5. During the period since July 1, 1973, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the Act.

6. During the period since July 1, 1973, Defendant has willfully violated section 6 of the Act. 29 U.S.C. § 206.

7. During the period since July 1, 1973, Defendant has willfully violated section 7 of the Act. 29 U.S.C. § 207.

8. During the period since July 1, 1973, Defendant has willfully violated section 11(c) of the Act. 29 U.S.C. § 211(c).

9. In view of the aforesaid violations of the Act and the resultant withholding by Defendant of minimum wage and overtime compensation from its employees, the Plaintiff is entitled to an injunction permanently enjoining Defendant from violating the provisions of §§ 15(a)(2) and 15(a)(5) of the Act [*Goldberg v. Cockrell*, 303 F.2d 811 (5th Cir. 1962); *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508 (5th Cir. 1969); *Shultz v. Hinojosa*, 432 F.2d 259 (5th Cir. 1970)] and restraining the withholding by Defendant of payment of minimum wage and overtime compensation in the total amount of Thirty Thousand Seven Hundred Ninety-seven and 61/100 Dollars ($30,797.61), which is found by the Court to be due Defendant's employees for the period since July 1, 1973, together with interest thereon at the rate of nine percent (9%) per annum from the date said amounts became due.

10. Any findings of fact that involve a conclusion of law is hereby adopted as a conclusion of law. Any conclusion of law that is a finding of fact is hereby adopted as a finding of fact.

IT IS SO ORDERED.

## APPENDIX

### EXHIBIT "A"

| Employee | Period of Employment | Amount Due |
|---|---|---|
| Antonio Barrera | 1/25/74– 9/18/74 | $1,314.19 |
| Thomas R. Garza | 6/ 7/74– 6/30/75 | 1,170.00 |
| Irving E. Bell, Jr. | 4/19/74– 6/30/74 | 173.04 |
| Philip Hernandez | 7/31/73– 4/30/76 | 1,305.10 |
| Richard E. Naylor | 7/31/73–10/31/73 | 212.04 |
| James C. Poore | 3/14/75–10/31/76 | 1,676.28 |
| Anthony K. Barter | 1/31/77– 3/12/77 | 132.37 |
| Frank Benavides, Jr. | 3/28/75– 5/31/77 | 1,428.67 |
| L. V. Brooks | 2/15/74–12/11/74 | 395.44 |
| Roy James Coones | 5/20/77– 6/10/77 | 37.00 |
| Adam De Luna | 7/31/73– 5/31/77 | 2,996.66 |
| William Dennis | 10/31/76– 5/31/77 | 370.48 |
| Thomas A. Engel | 8/20/74–10/31/74 | 94.64 |
| Ysrael R. Espinoza | 9/13/74– 2/28/75 | 225.90 |
| David G. Flores | 10/31/75– 2/28/76 | 180.40 |
| James M. Fulkerson | 2/ 7/75– 2/21/75 | 21.40 |
| Michael D. Garner | 1/28/77– 5/31/77 | 255.93 |
| John A. Gilbert | 7/26/74– 8/22/74 | 72.07 |
| Guadalupe D. Hernandez, Jr. | 11/ 9/73–12/31/73 | 55.36 |
| Dennis D. Hill | 3/14/75– 4/11/75 | 29.60 |
| Willis Hill | 7/ 1/73– 2/28/74 | 428.60 |
| Ysrael Hinojosa | 7/ 1/73– 5/31/77 | 3,309.05 |
| Edward J. Huebner | 11/22/74– 9/25/75 | 360.77 |
| Isiah Johnson | 11/30/76– 1/31/77 | 126.26 |
| William D. Johnston | 3/25/77– 5/31/77 | 139.84 |
| William F. Kasper | 7/ 1/73– 5/31/77 | 3,159.63 |
| Ernest J. Leonard | 2/28/76– 9/30/76 | 573.92 |
| Ray Littles | 7/31/76–10/31/76 | 263.52 |

| Employee | Period of Employment | Amount Due |
|---|---|---|
| Lorenzo Longiria | 4/30/75– 5/31/77 | $1,321.69 |
| Antonio Martinez | 2/11/77– 2/25/77 | 27.75 |
| David Ortega | 5/31/76– 5/31/77 | 844.23 |
| Terry C. Parks | 10/ 1/75– 2/ 9/75 | 226.31 |
| Ernest R. Pena | 12/ 1/76– 5/31/77 | 370.65 |
| James W. Robinson | 8/ 2/74– 9/17/76 | 111.21 |
| Wesley K. Silman | 5/27/77– 6/10/77 | 25.90 |
| Douglas D. Shelley | 7/13/73– 7/20/73 | 11.60 |
| James D. Smith | 7/20/73–12/17/73 | 149.00 |
| Brack Threadgill | 7/ 1/73– 5/31/77 | 3,376.10 |
| Alfred L. Perez | 1/17/75– 1/24/75 | 14.80 |
| Phillip D. Washington | 12/ 9/73– 6/14/74 | 236.33 |
| James N. Wesley | 8/24/73–10/30/73 | 47.34 |
| Allen E. Williams | 7/ 1/73–12/31/73 | 222.64 |
| Elbert L. Williams | 7/ 1/73– 9/30/73 | 104.00 |
| Lupe Zapata | 7/ 1/73– 5/31/77 | 3,179.90 |
| Larry P. Zepeda | 11/15/74–11/29/74 | 19.98 |