Genova **DOMINGUEZ,** as Administratrix of the Estate of Francisco Dominguez, Deceased, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. 76C 1215.

United States District Court, E. D. New York.

March 13, 1978.

Andres Astacio Santos, New York City, for plaintiff.

David G. Trager, U. S. Atty. by Edward S. Rudofsky, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff in this case moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (FRCP) for an order vacating this Court's dismissal of this matter due to plaintiff's failure to appear for a pretrial conference.

This case is a wrongful death action arising out of a somewhat bizarre and a very unfortunate set of circumstances. On March 17, 1975, at about 4:00 P.M., a robbery was taking place in decedent's grocery store. An agent of the Federal Bureau of Investigation (FBI) entered the store in response to a burglar alarm. Entering with his gun drawn, the FBI agent identified himself as a police officer. The robber then moved towards a shotgun lying within inches on the store counter in front of him and pointed directly at the agent, and the agent then fired two shots. The first of these shots hit the robber; the second, unfortunately, hit and killed the decedent who had been struggling with the robber and was standing behind him. The FBI agent was subsequently absolved of criminal liability by a Kings County Grand Jury and of any wrongdoing by the Director of the FBI.

These undisputed facts provide the basis for plaintiff's action to recover damages.

The facts surrounding the default which is the subject of the instant motion are as follows. On February 18, 1976, plaintiff's counsel failed to appear at a scheduled pretrial conference. Accordingly, this Court then dismissed plaintiff's complaint and an order to this effect was filed with the Clerk of the Court on February 22, 1977.[1] Defendant's attorney promptly notified plaintiff's counsel of the default, which notice was received on March 5, 1977. At a conference between the opposing parties on March 21, 1977, defendant's attorney indicated he would not oppose a prompt motion to reopen the case and plaintiff's attorney indicated such a motion would be made. This representation notwithstanding, plaintiff did not make the instant motion until late January 1978 and it was not argued before this Court until February 17, 1978, virtually one year after the original dismissal.

Plaintiff relies on FRCP 60(b) in making his instant motion. That Rule provides in pertinent part that:

"On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ."

In his affidavit supporting this motion, plaintiff's attorney claims that his failure to appear for the scheduled pretrial conference was due to misinformation received from this Court's chambers and thus was not his fault.[2]

Further, plaintiff's attorney outlines steps taken by him in investigating plaintiff's claim during the spring of 1977. Finally, plaintiff's attorney alleges that due to a structural cave-in in his law offices which necessitated storage of his legal files in the basement, he was unable to work at all from May, 1977 to December, 1977.

■ This Court does not consider all the above to be an adequate showing of "excusable neglect" either for plaintiff's failure to appear at the pretrial conference or the failure to move until virtually one year later to vacate this Court's order of February 18, 1976. See Fase v. Seafarers Welfare and Pension Plan, 574 F.2d 72 (1978). That this Court might have somehow been partly responsible for plaintiff's attorney's failure to appear at that time,[3] would certainly have been relevant in the resolution of a prompt motion to restore this action to the calendar. Such a prompt motion might well have yielded a different result. See Johnson v. Town of Babylon, 78 F.R.D. 337 (E.D.N.Y.1978).

■ The year's delay in making the instant motion, however, requires its denial. Indeed, as FRCP 60(b) specifically provides:

"The motion shall be made *within a reasonable time* and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." (Emphasis added).

---

1. Rule 8(a) of this Court's Assignment and Calendar Rules provides as follows:

   "(a) *Dismissal or default.* Failure of counsel for any party to appear before the court at a conference, or to complete the necessary preparations, or to be prepared to proceed to trial at the time set, may be considered an abandonment of the case or failure to prosecute or defend diligently, and an appropriate order may be entered against the defaulting party with respect to a specific issue or on the entire case."

2. Plaintiff's counsel alleges, in his affidavit in support of the instant motion, that he was advised by one of this Court's law clerks that no pretrial conference was scheduled in this

action because no answer had as yet been filed by the defendant. Plaintiff, however, knew this was not the case, an answer having been filed by defendant the preceding August, and yet (assuming his claim to be true) he failed to apprise this Court's law clerk of his mistake when he made his inquiry about the scheduled pretrial conference. Moreover, plaintiff's counsel never inquired of his opponent as to the apparent confusion surrounding the scheduled conference. In light of these facts, this Court is unpersuaded that plaintiff's counsel's failure to appear for the pretrial conference was itself based on "excusable neglect."

3. *But see* footnote 2, *supra.*

While plaintiff's motion technically *just* falls within the one year time limitation, this Court finds that plaintiff's motion has not been made within a reasonable time and must therefore be denied.

As the late and highly respected Judge Judd of this Court noted, in *Diapulse Corp. of America v. Compagnie Nationale Air France,* 17 F.R.Serv.2d 1453, 1455 (E.D.N.Y. 1973):

> "The commentaries and cases make it clear that the one year period is a maximum and is not automatically available. A motion must also pass muster under a test of reasonableness, even if made within the year. . . .
>
> "The motion here was made six days short of a year after entry of the order of dismissal. Even if the events which led to the dismissal can be excused as inadvertent, it is doubtful that the request for relief is timely."

In *Cavalier Label Co. Inc. v. S. S. Lilika,* 71 F.R.D. 395 (S.D.N.Y.1976), a strikingly similar case to the instant one, plaintiff moved seven days prior to the end of the one year period to reopen the case. The plaintiff in that case had prompt notice of the dismissal of the case and defendant's assurance that he would not oppose a timely motion to reopen. Plaintiff's failure to act until the very end of the one year period led the Court to deny the motion. *See also Standard Newspapers, Inc. v. King,* 375 F.2d 115 (2d Cir. 1967); *Usery v. Weiner Bros. Inc.,* 70 F.R.D. 615 (D.Conn.1976). A similar result is required here.

As Judge Judd noted in *Diapulse Corp. of America, supra,* at 1455, in making a determination as to timeliness,

> ". . . the courts look to the grounds proffered for opening the judgment to see if the grounds could have been presented sooner."

In the instant case, plaintiff's counsel had all the information he needed to make his motion on the day he learned of the dismissal, particularly if the grounds for such a motion were this Court's alleged error in scheduling.[4] Plaintiff's counsel therefore cannot justify the one year delay as necessary for the preparation of the motion itself.

While it is unfortunate that plaintiff's counsel's offices were closed for repairs from June to December, this too does not excuse plaintiff's failure to make the instant motion until now. Plaintiff's counsel had three months prior to the closing of his offices during which he inexplicably devoted his efforts to further investigation of plaintiff's claims rather than take the obvious step of moving to reopen the case. Even with plaintiff's counsel's offices closed, there is no excuse for the continued delay in bringing on the instant motion. Especially given plaintiff's counsel's claimed excuse for his nonappearance in February, 1977, a motion to reopen need only have contained this excuse and a signed affidavit of merits from the plaintiff and this would not have required extensive research. Plaintiff's counsel could have done this notwithstanding the mishap with his offices. At the very least, he could have indicated at the time to opposing counsel or to this Court his continued intention to move to reopen the case and the reasons for the delay.

By failing to move until now and by failing to keep the defendant apprised of his intention so to move, plaintiff's counsel has lulled defendant into the belief that the case is indeed closed, so that, for this Court to reopen it now might constitute additional prejudice to the defendant.

■ While the result reached here deprives plaintiff of his day in court, plaintiff, as the employer of counsel, must assume the risks of such counsel's prosecution of the case. *See Link v. Wabash R. R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

Accordingly, plaintiff's motion to vacate is hereby denied.

SO ORDERED.

4. *But see* footnote 2, *supra.*