**In re INTERNATIONAL COINS & CURRENCY, INC., Debtor.**

**INTERNATIONAL COINS & CURRENCY, INC., Plaintiff,**

**v.**

**LISTRONICS, INC., Defendant.**

Bankruptcy No. 81–00023.
Adv. No. 81–0148.

United States Bankruptcy Court,
D. Vermont.

Nov. 1, 1982.

Peter B. Brittin, Montpelier, Vt., for plaintiff.

James B. Anderson, Barre, Vt., for defendant.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of the Defendant to set aside a default judgment entered against the Defendant by this Court in the sum of $7,030.42 plus interest and costs on June 9, 1982 came on for hearing, after notice. This Motion is predicated on Rule 60 of the Federal Rules of Civil Procedure which is made applicable in Bankruptcy Court cases by Bankruptcy Rule 924. See *In Re Texlon Corp.* (1979 CA N.Y.) 596 F.2d 1092. Specifically, the Defendant relied on subparagraph (b)(1) of Rule 60 which provides that the court may relieve a party or his legal representative from a final judgment, order or proceeding for mistake, inadvertence, surprise or excusable neglect. The Defendant is relying on "excusable neglect."

The facts appear to be undisputed. On October 20, 1981 the Plaintiff instituted an adversary proceeding against the Defend-

ant to recover an alleged preference resulting from the transfer by the Plaintiff as Debtor to the Defendant of the sum of $7,030.42 in payment for an antecedent debt. A Summons and Notice of Trial was issued by this Court on October 29, 1981 and on November 2, 1981 the Plaintiff made service on the Defendant of the Complaint and Summons by mailing copies, registered mail return receipt requested, to the Defendant's address, 4648 Western Avenue, Lisle, Illinois. The Defendant never responded to this service of process. In view of this, the Attorney for the Plaintiff contacted the office of the Secretary of State of Illinois to determine the legal status of the Defendant & to ascertain who its officers and registered agent were. He learned that the Defendant, Listronics, Inc., was involuntarily dissolved on December 1, 1980 and there were no records of the present officers or agents appointed to accept service.

On March 22, 1982 the Attorney for the Plaintiff again forwarded to the Defendant by certified mail return receipt requested a copy of the Summons and Complaint with a cover letter reading as follows:

"Please be advised that International Coins & Currency, Inc. will be forced to file a request for default judgment if Listronics, Inc. does not respond to the enclosed complaint and summons.

"If you wish to discuss the matter, please do not hesitate to give me a call."

The Defendant failed to file a responsive pleading or answer and, upon the Motion for Default Judgment filed by the Plaintiff on June 4, 1982 supported by an Affidavit of Service the Court entered Judgment in favor of the Plaintiff against the Defendant in the sum of $7,030.42 plus legal interest and costs.

The Defendant's Motion to Set Aside the Default Judgment is supported by an Affidavit of James Camenos, the president of the Defendant, which tends to establish that it has a meritorious defense to the action and also by his Affidavit which alleges that he had personal knowledge of all of the transactions having taken place between the Defendant and the Plaintiff; that the Defendant Corporation has been reinstated as Illinois corporation fully qualified under the laws of the State of Illinois with its registered agent being Patrick C. Keeley; that neither the Defendant nor any of its officers or agents have been personally served with any Complaint, Summons or other document concerning the Debtor excepting a certain document entitled "Motion for Default Judgment" which was received by the affiant on June 9, 1982 and that over the past seven months the Defendant has had a turnover in management, specifically resulting in the termination of its manager of operations, who was in charge of receiving and reviewing all mail. The Defendant is attempting to justify its failure to answer the Summons and Complaint upon the internal problems caused in its management by the termination of its manager of operations who was responsible for processing the mail.

This seems to be the basis for "excusable neglect" upon which the Defendant is relying to set aside the Default Judgment. If the Defendant is to be successful under Rule 60(b)(1), it must demonstrate the existence of mistake, inadvertence, surprise or excusable neglect and that it has a meritorious defense. *Marshall v. Monroe and Sons, Inc.* (1980 CA 6) 615 F.2d 1156; *Usery v. Weiner Bros., Inc.* (1976 DC Conn.) 70 F.R.D. 615; *Central Operating Co. v. Utility Workers of America* (1974 CA 4 W.V.) 491 F.2d 245. Likewise in *United States v. Williams* (1952 DC Ark.) 109 F.Supp. 456, it was held that a Motion to Set Aside a Judgment will not be considered until the Court has determined that the movant has a meritorious defense.

It appears from the Affidavits supporting the Motion to Vacate the Judgment that it in fact may have a meritorious defense to the action. Therefore, the only issue for determination is whether the Defendant has established "excusable neglect." In this respect it must be recognized that Rule 60(b) is to be liberally construed to carry out the purpose of avoiding the enforcement of an erroneous judgment. *Blanchard*

*v. St. Paul Fire and Marine Ins. Co.* (1965 CA 5 Fla.) 341 F.2d 351, cert. den. 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 74; *Reid v. Liberty Consumer Discount Co.* (1980 E.D. Pa.) 484 F.Supp. 435; *Diversified Utilities Sales, Inc. v. Monte Fusco Excavating Contracting Co., Inc.* (1976 DC Pa.) 71 F.R.D. 661.

Even though 60(b) should be liberally construed in favor of the Defendant, its preoccupation with its other business affairs cannot justify or excuse its failure to plead or respond in any manner before default judgment is entered against it. *Usury v. Weiner Bros., Inc.,* supra, 70 F.R.D. 615. Likewise, it has been held that relief is not warranted under this rule for mere carelessness on the part of the litigant or his attorney. *United States v. McDonald* (1980 N.D.Ill.) 86 F.R.D. 204.

In the instant case the Defendant was indeed guilty of carelessness by permitting its corporate existence to be involuntarily dissolved and in not making available an officer or agent upon whom process could be served. As a result, the Plaintiff was frustrated in its attempt to make service of the Complaint and Summons in the first instance. A second attempt at service on March 22, 1982 did in fact result in the delivery of the Summons and Complaint to the Defendant's office without any response from the Defendant. However, it seeks to justify its failure to respond by a turnover in management which resulted in the termination of its manager of operations who processed the mail. Such a failure does not constitute excusable neglect which would entitle the Defendant to a vacation of the default judgment. *Greenspun v. Bogan* (1974 CA 1st Cir.) 492 F.2d 375. In this case the Court recognized that Rule 60(b) is a remedial rule which normally receives a liberal construction but at the same time it pointed out that relief should not be given to a defendant where its own internal procedures are at fault. See page 382 of opinion as follows:

"Rule 60(b) of the F.R.Civ.P. is a remedial rule which normally receives a liaberal construction from courts concerned that cases not be decided by default against parties who are inadvertently absent. *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969); *Nicholas v. Allied Chemical Corp.,* 200 F.Supp. 206, 207 (E.D.Pa.1961) But the liberality construction is usually reserved for instances where error is due to failure of attorneys or other agents to act on behalf of their clients, not where the client's own internal procedures are at fault. *Supermarkets General Corp. v. Grinnell Corp.,* 59 F.R.D. 512, 514 (S.D.N.Y.1973)."

The Court is satisfied that the Defendant failed to plead or otherwise defend this action without sufficient excuse and that the Court properly entered Judgment by Default pursuant to 755 of the Rules of Bankruptcy Procedure.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the Defendant's Motion to Set Aside the Default Judgment entered June 9, 1982 is DENIED.