## CIRCUIT COURT OF THE CITY OF RICHMOND

Ronald E. Becker

v.

W. E. Boring, Inc.

January 9, 1992

Case No. LS–3388–1

BY JUDGE MELVIN R. HUGHES, JR.

[There was a] hearing in this case on October 21st on plaintiff's motion to add two individual defendants. The motion is to be allowed over the proposed defendants' statute of limitations objection if the case can relate back to them as of the time of filing against the original corporate defendant.

This is a claim for overtime pay under the federal Fair Labor Standards Act (FLSA) which was earlier tried to the Court resulting in a verdict against the corporate defendant employer on which final judgment has not yet been entered. After the hearing on October 21st, counsel for plaintiff submitted a letter memorandum in support of the motion to add. Counsel for the defendant has not provided anything in response. The motion is ready for decision.

The rule for adding parties is governed by § 8.01–6 and § 8.01–7. The former statute deals with amending pleadings to correct misnomer and relation back, and the latter deals with the authority of the Court, generally, to add new parties to a case in the interest of providing full justice. It is otherwise clear, and § 8.01–6 codifies it, that a new party can be added to a pending case if that party knew of the pendency of the case during the time allowed by the applicable statute of limitations and that new party knew or should have known that but for a mistake in identifying the proper party, the action should have been brought against him. *Jacobson v. Southern Biscuit Corp.*, 198 Va. 813 (1957); *Baldwin v. Norton Hotel*, 163 Va. 76 (1934). Here, the evidence at trial showed that the plaintiff was employed by

the defendant, a corporation. The two proposed new defendants, principals of the corporate defendant, are sought to be included for a determination of their individual liability under the Act. The parties agree that the Act imposes individual liability despite the corporate entity for acts and obligations under the Act for those persons who act in the interest of the corporate employer in relation to the employee. *Bloch v. Bell*, 63 F. Supp. 863, 866 (W.D. Ky. 1945); *Schultz v. Chalk-Fitzgerald*, 309 F. Supp. 1255, 1257 (D. Mass. 1970); *Donavan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 195 (5th Cir. 1983). In *Schultz v. Chalk-Fitzgerald, supra*, at p. 1257, the Court said that "[c]ases which have considered the issue have found that a president and principal managing officer of a corporation is an 'employer' within the meaning of the Act." (Citations omitted.)

Even though FLSA claims can be made against corporate principals individually, there is nothing to show that the plaintiff meant to sue the proposed additional defendants but did not. The corporate defendant's liability has been proved. As indicated, individuals acting in the corporate interest are potentially liable under the Act. To say now that the proposed individual defendants should be brought in would mean that they should have known that any liability placed on the corporation was meant to be placed on them. This cannot be the case because the original corporate defendant is liable as the employer apart and separate from any possible liability for individuals connected to and working on behalf of it. The suit against the corporation cannot be said to be meant for them.

Accordingly, this motion is denied.