353 F.2d 720
 SLUMBERTOGS, INC., Appellee,
v.
JIGGS, INC., Philip Levine and Phyllis Levine, Appellants.
(Action No. 1.)
Joseph LEVY, Irene Levy and I.E. Incorporated, Appellants,
v.
SLUMBERTOGS, INC., Herbert B. Levenson and 'Juli' Levenson,
Appellees. (ActionNo. 2.)
JIGGS, INC., Philip Levine and Phyllis Levine, Appellants,
v.
Herbert B. LEVENSON and 'Juli' Levenson, Appellees. (Action No. 3.)
 No. 130, Docket 29788.
 United States Court of Appeals Second Circuit.
 Argued Oct. 22, 1965.
Decided Dec. 7, 1965.
 
 Maximilian Bader, New York City (Bader & Bader, New York City, on the brief, Samuel Gutterman, New York City, of counsel), for appellants.
 Milton Mound, New York City (Mound, Isaacs & Greenburg, New York City, on the brief, Henry A. Greenburg, New York City, of counsel), for appellees.
 Before WATERMAN and MOORE, Circuit Judges, and TYLER, District Judge.
 PER CURIAM:
 
 
 1
 Beyond a peradventure, Chief Judge Ryan acted well within the limits of sound discretion in issuing his order filed May 4, 1965 wherein he refused to vacate the judgments of dismissal entered against plaintiffs-appellants in these consolidated actions on April 26, 1965. In view of the dilatory and contumacious conduct of plaintiffs and their counsel in virtual defiance of the rules and orders of at least six judges in the district court, the sanction of dismissal was reasonable and correct. Nasser v. Isthmian Lines, 331 F.2d 124 (2 Cir. 1964); Parker v. Broadcast Music, Inc., 289 F.2d 313 (2 Cir. 1961). Moreover, there is no merit whatsoever in appellants' claim, ostensibly made under Rule 60(b)(1), Fed.R.Civ.P., that they did not receive proper notice of the trial court's order of April 6, 1965 requiring them to answer certain interrogatories within five (5) days; as Chief Judge Ryan observed in his May 4 order, the record establishes that notice of the April 6 order was timely mailed to counsel by the clerk's office and was also provided by publication in the New York Law Journal on April 8, 1965.
 
 
 2
 The order appealed from is affirmed with costs to appellees.