**CAVALIER LABEL CO. INC., Plaintiff,**

v.

**S. S. LILIKA, her engines, boilers, etc., et al., Defendants.**

**No. 74 Civ. 3774 (CHT).**

United States District Court, S. D. New York.

May 25, 1976.

Donovan, Donovan, Maloof & Walsh, New York City, for plaintiff; Donald M. Kennedy, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant Thai Mercantile Marine Limited; Gordon W. Paulsen, Robert E. Anderson, New York City, of counsel.

MEMORANDUM

TENNEY, District Judge.

Plaintiff, Cavalier Label Co. Inc., has moved herein for an order of this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure vacating the dismissal of this action for want of prosecution entered April 16, 1975. For the reasons set forth below, the motion is denied.

The facts leading up to the filing of the instant motion are critical to the Court's decision to deny the relief requested and will be repeated. The attorneys for the parties met in the office of Honorable Charles J. Hartenstine, a Magistrate of this Court, for a pre-trial conference on December 26, 1974. Counsel for both parties to this motion were present on that date and

agreed to the entry of a 90 day order for the completion of discovery. They then notified Magistrate Hartenstine's secretary of this agreement. After being notified of the agreement by Magistrate Hartenstine's office, this Court entered an order calling for the completion of all pre-trial proceedings by the parties within 90 days. That order was entered on January 11, 1975. Notice of entry of the order on the dockets of this Court was mailed to the parties by the Clerk of this Court on January 14, 1975. That notice was received by defendant's firm on January 17, 1975, but apparently was not received by plaintiff's firm, or was received by the firm and not communicated to the attorney in charge of the case. Notice of the entry of the order was also published in the *New York Law Journal* on January 17, 1975.

No note of issue having been filed on behalf of plaintiff, and no application for an extension of time having been made within the 90 day period, an order of dismissal was signed by this Court on April 16, 1975, and entered with the Clerk of the Court on April 21, 1975. Notice of the entry of the order was sent by the Clerk of the Court to the parties on April 21 and this notice was received by both parties. Notice of entry of the order was also published in the *New York Law Journal* on April 24, 1975. Now, just seven days short of one year, plaintiff makes the instant motion.

Rule 60(b) states in pertinent part:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has

been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

This Court will consider the motion as having been interposed under both Rule 60(b)(1) and Rule 60(b)(6).

Plaintiff states that its failure to act was the result of inadvertence and excusable neglect. Specifically, plaintiff states that the death of a partner in its counsel's firm, the heavy press of cases in the firm, and the failure of the firm to receive notice of Court's order of January 11, 1975, constitute grounds for the motion. The Court does not agree.

The Court notes at the outset that plaintiff's counsel is not a single practitioner—on the contrary, it is a firm of small to medium size and is a respected law firm devoting much of its practice to admiralty law. Thus, the heavy press of business or the regrettable death of a member of the firm can hardly be called exculpatory.

As to the alleged failure of the firm to receive notice of the order of January 11, little need be said. A similar argument was disposed of by the Court of Appeals for the Second Circuit in a per curiam opinion in *Slumbertogs, Inc. v. Jiggs, Inc.,* 353 F.2d 720 (2d Cir. 1965), *cert. denied,* 383 U.S. 969, 86 S.Ct. 1276, 16 L.Ed.2d 309 (1969), where it was succinctly stated:

"[T]here is no merit whatsoever in appellants' claim, ostensibly made under Rule 60(b)(1), Fed.R.Civ.P., that they did not receive proper notice of the trial court's order of April 6, 1965 requiring them to answer certain interrogatories within five (5) days; as Chief Judge Ryan observed in his May 4 order, the record establishes that notice of the April 6 order was timely mailed to counsel by the clerk's office

and was also provided by publication in the New York Law Journal on April 8, 1965."

In the instant case, several factors lead the Court to the same conclusion: (1) the parties themselves agreed to the appropriateness of the 90 day order, (2) notice of the order was sent to the parties by the Clerk of the Court and was received by at least one of the parties, (3) entry of the January 11 order was duly noted on the docket of the Court, a public record, and (4) notice was published in the *New York Law Journal.* The Court can only conclude that counsel's failure in this instance was neither inadvertent nor excusable.

■ It is significant, moreover, that the instant motion was not interposed until seven days prior to the running of the one year period under Rule 60(b)(1). This fact belies plaintiff's argument and reinforces the picture of lack of diligence which the Court perceives. While the motion was interposed strictly within the time limit of the Rule, that time limit is merely an outer limit. The Rule states that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Judge Judd commented on the applicable time periods under the Rule in *Diapulse Corp. of America v. Compagnie Nationale Air France,* 17 Fed.Rules Serv.2d 1453 (E.D.N. Y.1973):

> "The commentaries and cases make it clear that the one year period is a maximum and is not automatically available. A motion must also pass muster under a test of reasonableness, even if made within the year. 7 Moore, Federal Practice, ¶ 60.22(4) at 267–68 (1972); *Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M. B. H.,* 324 F.2d 234 (2d Cir. 1963); *Mayfair Extension, Inc. v. Magee* [100 U.S.App. D.C. 48], 241 F.2d 453 (D.C.Cir.1957); *Rhodes v. Houston,* 258 F.Supp. 546, 558 (D.Neb.1966), affd. 418 F.2d 1309 (8th Cir. 1969), cert. denied, 397 U.S. 1049, 90 S.Ct. 1382 [25 L.Ed.2d 662] (1970).

> "The motion here was made six days short of a year after entry of the order of dismissal. Even if the events which led to the dismissal can be excused as inadvertent, it is doubtful that the request for relief is timely. In numerous cases motions filed within less than one year have been found to be untimely. E. g., *Di Vito v. Fidelity and Deposit Company of Maryland,* 361 F.2d 936, 939 (7th Cir. 1966); *Goldfine v. United States,* 326 F.2d 456 (1st Cir. 1964); *Yanow v. Weyerhaeuser Steamship Co.,* 274 F.2d 274, 281 (9th Cir. 1958), cert. denied, 362 U.S. 919, 80 S.Ct. 671 [4 L.Ed.2d 739] (1960).

> "To make a determination on timeliness, the courts look to the grounds proffered for opening the judgment to see if the grounds could have been presented sooner." *Id.* at 1455.

In this case, it is clearly admitted by plaintiff that it had actual notice of the dismissal of the action. Indeed, it appears that defendant's counsel assured plaintiff's counsel that it would not oppose a timely motion to restore the case to the calendar after the dismissal. Nevertheless, plaintiff did not act to restore the case for a year and this is clearly unreasonable since the action could, and should, have been taken shortly after the April 21, 1975 dismissal order. Thus, the motion is also untimely.

The Court is not aware of any reason to justify relief under Rule 60(b)(6) and none has been made apparent in the papers of the parties. As in the dismissal of any action, this plaintiff will unfortunately be denied a trial and this most serious consequence is plainly apparent to this Court. Despite this result, the Court finds no basis for granting relief under Rule 60(b)(6).

Accordingly, plaintiff's motion to vacate this Court's order of dismissal in this action is denied.

So ordered.