Genova **DOMINGUEZ, as Administratrix of the Estate of Francisco Dominguez, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 1210, Docket 78–6075.**

United States Court of Appeals, Second Circuit.

Argued June 22, 1978.
Decided Sept. 11, 1978.

Andres Astacio Santos, New York City, for plaintiff-appellant.

Burton S. Weston, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for defendant-appellee.

Before LUMBARD and MANSFIELD, Circuit Judges, and HOLDEN, District Judge.*

* Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1. Rule 41(b), F.R.Civ.P., provides in pertinent part:

PER CURIAM:

At a time when leaders of the bench and bar are advocating steps to improve the quality of advocacy and to tighten qualifications for practice in the courtroom with a view to improvement in the administration of justice, we are faced upon this appeal with the sad spectacle of how an innocent client can be victimized by gross negligence and incompetence on the part of her trial counsel.

After exhausting her administrative remedies appellant, as administratrix of her husband's estate, filed suit on June 26, 1976, against the Government in the Eastern District of New York under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., seeking damages for the wrongful death of her husband by an FBI agent. The death occurred on March 17, 1975, when the agent, his gun drawn, surprised gunmen in the process of robbing Francisco Dominguez, the proprietor of a grocery store. When one of the robbers pointed a gun at him the agent fired twice, killing both the robber and Dominguez, who was holding on to the assailant. Following the Government's filing of its answer denying liability, no pretrial discovery, motions or other formal actions were taken by either side until December, 1976, when Judge Platt, to whom the case had been assigned, notified the parties that he would hold a pretrial conference with the parties on February 11, 1977, a date that was later postponed to February 18, 1977.

When neither appellant nor her counsel, Andres Astacio Santos, Esq., appeared at the conference on February 18, 1977, the court dismissed the action pursuant to Rule 41(b), F.R.Civ.P. and Rule 8(a) of the Individual Assignment and Calendar Rules of the Eastern District.[1] On the same date

"(b) *Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this

the U.S. Attorney wrote Santos a letter by certified mail advising him of the dismissal and requesting that if he intended to move to vacate the dismissal he should do so within 10 days of the receipt of the U.S. Attorney's letter, which was received by Santos on March 5, 1977.

Instead of moving immediately to vacate the dismissal Santos visited the Assistant U.S. Attorney in charge of the case and was advised that unless he promptly moved to reinstate the case the Government would oppose any such application. Notwithstanding this warning, Santos did nothing until January 26, 1978, more than 10 months later, when he moved pursuant to Rule 60(b), F.R.Civ.P., to vacate the February 18, 1977, dismissal on grounds of excusable neglect. Santos' excuses for his inaction were that he had been misinformed by Judge Platt's law clerk regarding the scheduled pretrial conference [2] and that thereafter, following a structural cave-in of the floor of his office on May 27, 1977, his files and records were removed to the basement of the building and became inaccessible until December, 1977.

After hearing the Rule 60(b) motion on February 17, 1978, Judge Platt, on March 13, 1978, filed a memorandum opinion and order denying the motion. He concluded that the circumstances did not amount to excusable neglect within the meaning of Rule 60(b) and that appellant's counsel had not moved within a reasonable time to vacate the judgment.

## DISCUSSION

■ We agree with Judge Platt's findings and conclusions. Indeed, the conduct of appellant's counsel appears to have been so grossly negligent and irresponsible as to call for an investigation into his competency to practice before the federal bar. By no stretch of the imagination could his 10-month delay in moving to vacate the dismissal be characterized as "excusable neglect" within the meaning of Rule 60(b). See *Slumbertogs, Inc. v. Jiggs, Inc.,* 353 F.2d 720 (2d Cir. 1965), *cert. denied,* 383 U.S. 969, 86 S.Ct. 1276, 76 L.Ed.2d 309 (1966); *Standard Newspapers, Inc. v. King,* 375 F.2d 115 (2d Cir. 1967); *Cavalier Label Co., Inc. v. S. S. Lilika,* 71 F.R.D. 395, 397 (S.D.N.Y.1976). On the contrary, Rule 60(b) obligated him to move "within a reasonable time." Upon receiving written notice on March 5, 1977, that his client's action had been dismissed pursuant to Rule 41 and that an order finalizing the dismissal would be filed unless he moved within 10 days, he was duty bound to move to vacate the dismissal. Any possible doubt about this obligation was removed on March 21, 1977, when he was further advised by the Government's counsel that unless he moved promptly for reinstatement, the Government would oppose its restoration to the

---

subdivision and any dismissal not provided in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 8(a) of the Eastern District of New York Local Rules provides:

"*Dismissal or Default.* Failure of counsel for any party to appear before the court at a conference, or to complete the necessary preparations, or to be prepared to proceed at the time set, may be considered an abandonment of the case or failure to prosecute or defend diligently, and an appropriate order may be entered against the defaulting party either with respect to a specific issue or on the entire case."

2. In his opinion (note 2) Judge Platt points out that in an affidavit supporting his Rule 60(b) motion, Santos incorrectly stated that the law

clerk had advised that no pretrial conference was scheduled because no answer had been filed, even though Santos "knew this was not the case, an answer having been filed by defendant the preceding August." Nevertheless Santos failed to bring this fact to anyone's attention or communicate with counsel for the defendant.

Moreover, Santos gave the Assistant U.S. Attorney in charge of the case, at their March 21, 1977, conference, an entirely different reason for his not attending the February 18, 1978, conference, stating that he had "advised Fred Townsend [apparently Judge Platt's law clerk] that he was preparing a motion for summary judgment and [was] excused from attending the status conference on that basis," Memorandum of Asst. U.S. Attorney E. S. Rudofsky re: Conference with Santos, 3/21/77.

calendar. Yet he did nothing for over 10 more months.

The cave-in of Santos' office on May 27, 1977, and storage of his papers elsewhere provides no excuse for his abysmal neglect. From March 5, when he first received notice of the dismissal, until May 27—a period of almost three months—there was more than ample time to file the short and simple Rule 60(b) motion that was required. Thereafter, assuming his files were inaccessible, nothing precluded him from obtaining the original file from the clerk of the Eastern District of New York and preparing the essential motion with supporting affidavit, which probably would not then have been opposed.

[2] Under all of the circumstances Judge Platt's denial of appellant's Rule 60(b) motion filed on January 26, 1978, did not constitute an abuse of discretion but, on the contrary, was clearly reasonable. Unfortunately, appellant is bound by the inexcusable conduct of her counsel, since there is no particularized showing of exceptional circumstances explaining his gross negligence and no indication of diligent efforts by appellant to induce him to fulfill his duty, compare *United States v. Cirami*, 535 F.2d 736 (2d Cir. 1976), with *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977).

The order of the district court is affirmed. In view of the inexcusable neglect on the part of appellant's counsel which gave rise to this appeal, costs will be assessed against her counsel.