**Major General Richard
SECORD, Plaintiff,**

v.

**Douglas SCHLACTER, Defendant.**

**Civ. A. No. 82–3168.**

United States District Court,
District of Columbia.

Dec. 6, 1985.

Thomas C. Green, Sharp, Randolph &
Green, Washington, D.C., for plaintiff.

James L. Kane, Jr., McLean, Va., Steven
P. Westbrook, Houston, Tex., for defendant.

### MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

On April 12, 1983, this Court awarded plaintiff compensatory damages of one million dollars and punitive damages of one million dollars in an action for defamation, libel, and slander. There was an *ex parte* hearing and a default judgment was entered against the defendant. The defendant now moves the Court to vacate this judgment pursuant to Federal Rules of Civil Procedure ("Rule") 60(b). For the reasons stated below, the Court denies defendant's motion.

### I. *Background*

Richard V. Secord, a former United States Air Force major general, brought this lawsuit in 1982 against Douglas Schlacter for remarks he made to a C.B.S. television news reporter in late 1981. At the time, Schlacter had been indicted in connection with the criminal investigations of former CIA employees, Frank Terpil and Edwin Wilson, for selling arms to Libya. Schlacter was then hiding from United States authorities in Central Africa and had been threatened by Wilson, then in Libya.

Schlacter told the C.B.S. reporter that Major General Secord had helped Edwin Wilson buy Russian military equipment in Libya. Schlacter stated further that Secord had helped Wilson sell military equipment to Iran and that Secord shared in the profits of those sales with Wilson. An investigation of these charges by the Justice Department determined that these charges were without any foundation. Transcript of *Ex Parte* Hearing at 17–18, *Secord v. Schlacter*, No. 82–3168, April 8, 1983.

At the time the default judgment was entered against the defendant, he was a participant in the Federal Witness Protec-

tion Program. On December 2, 1982, an Assistant United States Attorney personally delivered the amended complaint and summons to Schlacter, and plaintiff mailed a copy of the motion for entry of default judgment to the chief of the Federal Witness Protection Program. Defendant failed to respond, and on April 8, 1983, an *ex parte* hearing was held before this Court for determination of damages.

Defendant alleges two bases in moving the Court to vacate the default judgment entered against him. Defendant suggests that Major General Secord "testified in an intentionally deceptive and incomplete manner in response to questions posed by the Court and through his pleadings and testimony committed fraud upon the Court under Fed.R.Civ.P. 60(b)." Defendant's Motion to Vacate at 1. Defendant also claims "that the alleged slanderous statements were in truth and in fact the contrived fabrications of C.B.S., Inc., made to appear as the statements of the Defendant by the editing of video tape...." Defendant's Motion to Vacate at 1. Further, defendant asserts that due to his participation in the Federal Witness Protection Program, threats against his life, and ineffective assistance of counsel, he was prevented from bringing these matters to the Court's attention earlier.

## II. *Conclusions of Law*

The decision whether a default judgment should be set aside is one committed to the sound discretion of the trial court. *See, e.g., Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372 (D.C.Cir.1980); *Moldwood Corp. v. Stutts,* 410 F.2d 351 (5th Cir.1969). Rule 60(b) allows the Court to grant relief from a final judgment for six reasons, and further provides that there is "a reasonable time" limitation for the making of a motion on the basis of any of the six reasons. There is, however, a maximum time limitation of one year on a motion urging reasons (1), "mistake, inadvertence, surprise, or excusable neglect," (2), "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," and (3), "fraud ..., misrepresentation, or other misconduct of an adverse party." Rule 60(b)(1), (2), (3).

Defendant filed his motion to vacate judgment over two and one half years after entry of the default judgment and subsequent award of damages. The defendant received proper notice of the lawsuit, and notice of the hearing. He avers he had notice of the Judgment while he was incarcerated. Defendant's Motion to Vacate Judgment at 4. Apparently, he was able to sue his counsel and to take other actions, but did not pursue any further action in this Court. *Id.* at 5. The fact that defendant may have received ineffective assistance of counsel does not provide a basis upon which the Court may grant relief in this case. *Dominquez v. United States,* 583 F.2d 615, 617 (2d Cir.1978). It would be unconscionable to burden plaintiff by vacating the default judgment which was entered properly in his favor due to omissions by defendant's inept counsel at this late date.

Though courts generally view with disfavor default judgments as it prevents the hearing of cases on their merits, in this case the "adversary process [had] been halted because of an essentially unresponsive party. In [this] instance, the diligent party must be protected lest he be faced with the interminable delay and continued uncertainty as to his rights." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir. 1970); *see also Jackson v. Beech,* 636 F.2d 831 (D.C.Cir.1980).

The Court appreciates that Mr. Schlacter's situation perhaps made difficult a proper response to the lawsuit. Although separate actions may be cognizable against C.B.S., Inc. and defendant's original counsel, it is improper to attempt to obtain such relief through Rule 60 of the Federal Rules of Civil Procedure more than one year after judgment. *Jones v. Anderson-Tully Co.,* 722 F.2d 211 (5th Cir.1984). Defendant remains liable to plaintiff for damages as ordered by this Court on April 12, 1983.

Defendant's allegations that plaintiff testified in an intentionally incomplete and deceptive manner is without merit. Upon close examination of the exhibits submitted with this motion and the entire record, the Court finds no inconsistency or deception in plaintiff's testimony. Major General Secord's integrity remains unassailed.

Rule 60(b) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). It is incumbent upon the movant, however, to show that the special circumstances which allegedly caused the party's failure to act was not a result of that party's neglect. 7 Moore's Federal Practice ¶ 60.27[2]. The defendant has made no such showing. It would be improper and unjust for the Court to vacate judgment in this case, two and one-half years after the entry of judgment.

Further, the Court finds that defendant's motion to vacate is without merit. Indeed, in other circumstances, *viz.*, if the defendant were solvent, the Court would be favorably disposed to awarding plaintiff fees and costs incurred in opposing this motion. Taking note, however, that defendant still has not paid the two million dollar judgment against him, the Court will not impose Rule 11 sanctions.

Defendant has other forums available in which to pursue his other claims arising out of this event. Rule 60(b) cannot serve to resurrect defendant's defenses in this case. Accordingly, upon consideration of defendant's motion to vacate judgment, plaintiff's opposition thereto, replies by both parties, the attached exhibits, and the entire record herein, it is by the Court this 6th day of December 1985,

ORDERED that defendant's motion is denied; and it is further

ORDERED that the default judgment and the Court's ruling of April 12, 1983, in this lawsuit stands.