Robert SASSO and Theodore King, as Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension and Annuity Trust Funds, Plaintiffs,

v.

M. FINE LUMBER CO., INC., and Louis Fine, Defendants.

No. CV–91–2278 (RJD).

United States District Court, E.D. New York.

Oct. 13, 1992.

Avram H. Schreiber, New York City, for plaintiffs.

Alan B. Pearl, Pearl & MacKenzie, P.C., Westbury, N.Y., for defendant Louis Fine.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

In June 1991, ERISA trustees brought this action to recover pension contributions and delinquency charges against both the individual defendant Louis Fine, and the corporate defendant, M. Fine Lumber Company, of which Louis Fine is the president. After settlement negotiations between the parties collapsed and the defendants failed to answer the complaint, a default judgment was entered on August 16, 1991. A copy of the judgment was mailed to the defendants on September 13, 1991. Now, nine months later, Louis Fine moves to vacate that default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The motion is denied.

### Background

Defendant Louis Fine has been aware of the action against him since its commencement in June of 1991. He has never interposed an answer, purportedly due to the pendency of settlement discussions. On July 12, 1991, Fine sent to the plaintiffs a letter requesting an extension of time to answer the complaint. On July 23, 1991, after a tentative agreement was reached, a Stipulation of Settlement was faxed to him for review. Fine declined to sign the settlement proposal.

At about this time in July an accountant for the defendants assured the trustees that payment for some of the pension fund monies would be paid immediately; no payment was delivered. The trustees had further conversations with the defendants at the beginning of August; the defendants again indicated that payment would be forthcoming, and again they did not send any payment, failing to contact the trustees to notify them of this change of plans. The default judgment then was entered on August 16, 1991. On September 13, 1991,

a copy of the judgment and permanent injunction was mailed to defendant Fine.[1]

Since that time defendant Fine has refused to cooperate with plaintiff trustees in their effort to recover the fund contributions. In October 1991 he failed to appear for a scheduled deposition. He was then sent a certified notice on November 1, 1991, advising him to contact plaintiffs' counsel to reschedule a deposition date. After further scheduling delays, Fine met with plaintiffs' counsel in January 1992. At that meeting he failed to produce documents requested pursuant to a subpoena duces tecum. Negotiations between the parties continued, but after the defendant cancelled several scheduled meetings for the signing of a Stipulation of Settlement, the plaintiffs, by letters dated May 19, 1992, mailed to the ten largest shareholders of the company—including Louis Fine—notices that the shareholders would be held personally liable for all monies owed, pursuant to N.Y.Bus.Corp.L. § 630. This motion followed.

Defendant claims essentially three bases upon which he relies in support of this motion. First, he claims that he was incorrectly advised by an attorney as to his individual liability under ERISA for the company's pension fund contributions. Second, he argues that the default should be vacated because he has a meritorious defense: that as a corporate officer of Fine Lumber he is not in fact individually liable under ERISA. And finally, he contends that vacatur is appropriate because the plaintiffs have been "lax" in the enforcement of the judgment.

### Discussion

■ Rule 60(b) provides relief from a final judgment for

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has

been satisfied, released, or discharged, ...; or (6) any other reason justifying relief from the operation of the judgment.

An application for relief under 60(b) "shall be made *within a reasonable time* ... and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered or taken." (emphasis added). Proper application of the rule strikes a balance between serving the ends of justice and preserving the finality of judgments. *House v. Secretary of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir.1982). If a defendant's motion is timely, the court shall consider 1) whether the default was willful; 2) whether the non-defaulting party will be prejudiced by granting the relief requested; and 3) whether the defendant has a meritorious defense. *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983). In analyzing these factors, the court remains receptive to all reasonable and responsible arguments by the defaulting defendant advanced in support of his application, mindful that Rule 60(b) is designed to afford parties an opportunity to resolve a dispute on its merits where possible. *See Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986). At the same time, however, " 'when the adversary process has been halted because of an essentially unresponsive party' ... a default judgment is appropriate to protect the non-defaulting party from 'interminable delay and continued uncertainty.' " *Sony Corp. v. S.W.I. Trading, Inc.*, 104 F.R.D. 535, 540 (S.D.N.Y.1985) (citations omitted).

■ In this case, despite the fact that defendant's motion technically has been made within the one-year deadline prescribed by Rule 60(b), plaintiffs contend that the motion has not been brought "within a reasonable period of time." *See Amoco Overseas Oil Co. v. Compagnie Nationale Algeriennes de Navigation*, 605 F.2d 648, 656 (2d Cir.1979) (fact that motion is made within one year gives Court power to entertain it, but as "the delay in making the motion approaches one year there should be a corresponding increase in the

---

1. On September 6, 1991, the corporate defendant Fine Lumber filed for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code.

burden that must be carried to show that the delay was 'reasonable.' "). This Court agrees with plaintiffs that the instant motion fails to satisfy this reasonableness standard. Mr. Fine has not provided this Court with any evidence of good cause for his failure to act sooner to bring this application once the default had been entered. As Fine's current counsel states, Mr. Fine did not move to vacate the judgment against him personally only because "Mr. Fine had every reason to believe that the Corporation would work out its plan in Chapter XI and satisfy the Trust Fund concerns without having to face any individual exposure. Such an expectation is real and no doubt led to his mistaken belief that he could not be pursued at any later date. In fact, his counsel at that time had incorrectly advised him of his liability in this matter." Pearl Affirmation, at ¶ 7. Essentially, defendant Fine *chose* to ignore this litigation and its possible repercussions until the specter of personal liability appeared. Louis Fine has been aware of this action, and has been in steady contact with plaintiffs over monies owed since the time of the filing of the complaint. The documentary evidence clearly records the plaintiffs' diligent efforts both to pursue settlement negotiations and to collect on the default judgment, and there is simply *no* showing of "reasonableness" in defendant's papers that adequately would account for his nine-month delay. *See Sony Corp., supra,* at 541–42 (60(b) motion brought approximately two months after defendant received notice of default judgment untimely). Accordingly, defendant's motion may be denied on this basis alone.

■ However, even if this Court were to conclude that the application is timely, defendant is still not entitled to relief under Rule 60(b). Fine's contention that his delay is due to bad legal advice given to him prior to the entry of the default judgment is unavailing. A client is not generally excused from the consequences of his attorney's nonfeasance or negligence. *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–67 (2d Cir.1980). The Second Circuit consistently has declined to grant relief from the "burdens of a final judgment

entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976) (citations omitted); *see also Dominguez v. United States,* 583 F.2d 615, 617 (2d Cir. 1978) (attorney's failure to move to vacate a dismissal of an action for more than ten months not grounds for relief under Rule 60(b)), *cert. denied,* 439 U.S. 1117, 99 S.Ct. 1023, 57 L.Ed.2d 76 (1979). Moreover, in this case, the utter lack of specificity or evidentiary support for Fine's allegations indicates that his claims need only be briefly discussed to be dismissed. In his affidavit, Fine simply states, "I was ill advised in July of 1991 as to my individual liability to the Plaintiff Funds. I was not informed that under the Employee Income Retirement Security Act I am not an Employer, as is alleged." Fine Affidavit, at ¶ 5. No details regarding the nature or extent of this advice are provided, and Fine has submitted no affirmation from an attorney attesting to these events. Plainly, this bald assertion cannot constitute grounds for relief under 60(b) due to "excusable neglect." Rule 60(b) does not insure a defendant against the actions of his freely chosen attorney, *see Robinson v. Long Island R.R.,* 53 Empl.Prac. Dec. ¶ 39,964, 1989 WL 140593 (E.D.N.Y.1989), and relief under this rule is not appropriate absent exceptional circumstances not present in this case. *See Dominguez, supra,* at 618; *Cirami, supra,* at 742.

■ The default in this case was neither the product of accident nor mistake. The parties' submissions indicate, and the defendant does not contest, that he has had notice of this pending action from its commencement; indeed, defendant, in his letter dated July 12, 1991 to the plaintiffs, specifically requested an extension of time in which to respond to the complaint. Yet the defendant refused to take any actual steps toward the resolution of the action in July or August. Following the entry of the default, defendant failed to appear at a deposition, failed to produce documents re-

quested pursuant to a subpoena duces tecum, and repeatedly failed to carry through on his professed intentions to resolve this matter; such conduct amply supports a determination that the default here was "willful" in the most meaningful sense of the word, and that relief from the final judgment would be inappropriate. *See Jack Gray Transport, Inc. v. Shaw*, 105 F.R.D. 485, 490 (N.D.Ill.1984) ("Any defendant guilty of sticking his head in the sand ... must be charged with the kind of deliberate inattention that justifies a 'willfulness' label.").

■ Consideration of the other two factors in this analysis—the prejudice to the plaintiff if relief is granted, and the possibility of a meritorious defense—does not alter this conclusion. First, defendant's contention that the plaintiffs will not be prejudiced if this motion is granted because they have been "lax" in its enforcement is without merit. Plaintiffs' inability to collect any money or otherwise resolve this dispute is in no way due to delay on their part. Before and after entry of the default judgment, plaintiffs repeatedly attempted to contact and communicate with Mr. Fine in an effort to conclude this matter without recourse to further court intervention. These diligent efforts met largely with reluctance on the part of the defendant, and should not now serve as a basis for allowing the defendant further to delay plaintiffs' recovery. *See United Bank of Kuwait P.L.C. v. Enventure Energy Enhanced Oil Recovery Assocs.*, 755 F.Supp. 1195, 1205 (S.D.N.Y.1989).

■ As to the possibility of a meritorious defense, it may well be true that had defendant Fine not sat on his hands and instead defended this action, some legal issue might have presented itself. Fine argues that as an individual corporate officer he should not be held personally liable under ERISA for any monies owed by the corporation because he is not an "employer" as that term is defined under ERISA.

In *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383 (2d Cir.1989), the Second Circuit noted that courts generally have taken two approaches to this question, deciding either 1) to impose personal liability on an individual as an ERISA employer where a strict "alter ego" standard between the individual and the corporate defendant is met; or 2) to impose liability under some less rigorous standard consistent with the underlying policies and purposes of ERISA. *Id.* at 387–88; *see also Gambino v. Index Sales Corp.*, 673 F.Supp. 1450, 1453–56 (N.D.Ill. 1987) (explicitly imposing more flexible standard used under Fair Labor Standards Act). Without explicitly deciding the issue, *Leddy* strongly suggests that more flexible standards are preferable to the traditional alter-ego approach, noting that in the ERISA context,

> The Supreme Court has consistently refused to give effect to the corporate form where it is interposed to defeat legislative policies. In determining whether to disregard the corporate form, we must consider the importance of the use of that form in the federal statutory scheme, an inquiry that generally gives less deference to the corporate form than does the strict *alter ego* doctrine of state law.

*Id.* at 387. This reasoning clearly indicates that even if defendant Fine is not an "employer" pursuant to the statutory definition under ERISA, and even if a traditional corporate disregard standard cannot be met in his particular case, Fine could still be held personally liable for the debts of the corporate defendant, in his capacity as President of the corporation.[2] *Cf. Dardaganis v. Grace Capital Inc.*, 889 F.2d 1237, 1242 (2d Cir.1989) (citing *Leddy* for proposition that "officer of employer can be personally liable even if he did not meet statutory definition of 'employer' "); *see also Gambino, supra* (president of corporation individually liable as "employer" under ERISA for delinquent contributions where he signed collective bargaining agreement

---

**2.** This reasoning also suggests that at least one case cited by the defendant in support of his position, *Solomon v. Laranne Sportswear, Inc.*, 648 F.Supp. 407 (E.D.N.Y.1986)—explicitly based upon the more traditional standard for piercing the corporate veil criticized in *Leddy*— is of little help to Mr. Fine.

on behalf of the corporation, managed day-to-day corporate operations and affairs, and bore responsibility for corporate financial matters). In the instant case, there are clear indications that Fine managed the day-to-day affairs of the corporation; he signed the Collective Bargaining Agreement on behalf of the corporation, and regularly held himself out as the person in charge of handling questions regarding the fund contributions at issue here. The Court is of course mindful that the defendant need not conclusively establish the validity of the defense asserted in order to prevail on the motion. *See Davis, supra,* at 916. As noted above, however, in light of the defendant's prolonged and uncooperative course of conduct, as well as his unreasonable delay in bringing this application, the defense he asserts here is inadequate grounds upon which to reopen the final judgment. *See Jack Gray Transport, supra,* at 490 (despite potentially meritorious defense, default judgment left undisturbed where defendant fails utterly to meet burden of showing prompt action and excusable neglect). Rule 60(b) must be broadly construed to do "substantial justice" to both parties, see *Nemaizer, supra,* at 61, and should provide no avenue of relief to a defendant whose unsubstantiated assertions are brought in an eleventh-hour attempt to frustrate the legitimate collection efforts of ERISA trustees.

Accordingly, for the reasons set forth above, defendant's motion is denied.

SO ORDERED.