**Jason R. BADIAN, Plaintiff–Appellee,**

v.

**Jay ELLIOTT, Defendant–Appellant,**

**Brandaid Communications Corporation, and Brandaid Marketing Corporation, f/k/a/ Salient Cybertech, Inc., Defendants.**

No. 05–3770.

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Jeffrey J. Mirman, Levy & Droney, P.C., Farmington, Connecticut, for Appellant.

Wolfgang Heimerl, Heimerl Law Firm, New York, New York, for Appellee.

PRESENT: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE, and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Jay Elliott appeals the entry of a default judgment in favor of plaintiff Jason R. Badian on claims that Elliott, together with co-defendants BrandAid Communications Corporation ("BAC") and BrandAid Marketing Corporation ("BAM"), breached the terms of Badian's employment agreement with BAC (Count One), and breached the terms of Badian's stock purchase agreement with Elliott (Count Two). [A 10–17]

■ Preliminarily, we note that Badian challenges the exercise of appellate jurisdiction in this case, suggesting that no final judgment has been entered because certain of his claims were dismissed without prejudice. [Red 1–2] We reject that challenge. The district court awarded judgment on some of Badian's claims; the fact that his remaining claims were dismissed without prejudice did not prevent the judgment from being final, for those dispositions "ended this suit so far as the District Court was concerned." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 795 n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949). In any event, the final judgment entered on June 16, 2005, states that all claims on which a default judgment is not awarded are dismissed *with* prejudice.

On appeal, defendant Elliott challenges the default judgment on three grounds: (1) lack of subject matter jurisdiction; (2) inadequate pleadings to hold Elliott individually liable for breach of an employment contract between Badian and BAC; and (3) abuse of discretion in entering and refusing to reconsider the entry of default. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Subject Matter Jurisdiction*

■ Elliott submits that the lack of complete diversity in this case obligated the district court to vacate the entry of default and to dismiss the case for lack of jurisdiction. *See* Fed.R.Civ.P. 60(b)(4); *see also Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). To the extent the district court declined to do so, we review its decision *de novo. See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir.2005). Elliott's jurisdictional argument in essence challenges the district court's finding that "BAM and BAC ... had their principal place of business in Florida when they last conducted business or when suit was filed." *Badian v. Brandaid Commc'ns. Corp.*, No. 03–2425, 2004 WL 1933573, at *2, 2004 U.S. Dist. LEXIS 17404, at *7 (S.D.N.Y. Aug. 30, 2004). To the extent this ruling turns on findings of fact, we review only for clear error, but we review the conclusions of law reached from those facts *de novo. See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir.2002).

A corporation is " 'deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' " *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726 (2d Cir.2000) (quoting 28 U.S.C. § 1332(c)(1)). In determining a corpora-

tion's "principal place of business," courts ordinarily focus upon "the state in which a corporation has its most extensive contacts with, or greatest impact on, the general public." *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). Elliott proffered various affidavits, press releases, supply order contracts, and marketing materials to support his claim that both BAC and BAM had their principal places of business in New York. [Blue 7; A 21–88] On the other hand, Badian submitted evidence indicating that, at times relevant to establishing jurisdiction, these defendants had their principal places of business in Florida, specifically: (1) two BAM 8–K filings with the Securities and Exchange Commission identifying Florida as the site of the corporation's "principal executive offices"; [Blue 6](2) BAM's website notice directing persons to transmit inquiries about the company to a Florida address; [Blue 6](3) a representation by counsel for BAM, BAC, and Elliott in a 2002 court filing in a separate case in support of their removal of that case to federal court on the ground of diversity; [Blue 6; A 137–38] and (4) that a process server attempting to serve the complaint in the present action in July 2003 was unable to locate BAM or BAC at the address on file with the Secretary of State of New York. Further evidence indicated that BAM's annual shareholders' meeting was held in Florida [A 205] and that BAM employed Florida-based counsel and auditors. [A 136; A 205] On this record, we conclude that the district court did not clearly err in finding that a preponderance of the evidence established that, at the time relevant to the establishment of subject matter jurisdiction, BAM and BAC each had their principal place of business in Florida. In light of this finding, we independently conclude that subject matter jurisdiction was properly exercised in this case and that Elliott's motion to va-

cate the default pursuant to Rule 60(b)(4) was properly denied as meritless.

2. *The Allegations Directed Against Elliott on Count One*

Elliott argues that because Count One of the complaint did not specifically charge him with breaching the employment agreement between Badian and BAC, the district court erred in holding him liable for breach on that claim. [Blue 17–20] We disagree.

 Because Count One is pleaded as against the defendants generally, it is fairly construed to sue Elliott and BAM, as well as BAC, for the charged breach. Compl. ¶ 27. [A 11] Although Elliott correctly notes that he was not a party to Badian's employment agreement with BAC, he may nevertheless be held liable for breaching that agreement if the facts alleged in the complaint support piercing the corporate veil. *See Dow Chem. Pac., Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 342–43 (2d Cir.1986) (affirming a district court's decision to enter a default judgment and pierce the corporate veil simultaneously). New York law establishes two requirements to pierce a corporate veil and to hold an individual liable for corporate action: (1) the person must dominate the corporation, effectively dictating its action, *see Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810, 623 N.E.2d 1157 (1993); and (2) the person must use that control to "abuse[ ] the privilege of doing business in the corporate form" by perpetrating a "wrong or injustice" against the plaintiff "such that a court in equity will intervene," *id.* at 142, 603 N.Y.S.2d 807, 623 N.E.2d 1157. In this case, the complaint adequately pleads the domination requirement by stating that, at the time of the charged breach, Elliott was capable of ordering the transfer of corporate assets without ap-

proval from the Board of Directors. Compl. ¶ 9–13; [A 8–9] *see Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 138–39 (2d Cir. 1991). As to the second requirement for piercing the corporate veil, the complaint alleges that Elliott fraudulently transferred the entirety of BAC's assets to BAM without consideration "to escape the contractual obligations of [BAC], including the obligations set forth in the Employment Agreement." Compl. ¶ 23. [A 10] These allegations, which a court accepts as true on a default, *see Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir.1993), are sufficient to pierce BAC's corporate veil and hold Elliott personally liable for the breach of Badian's employment agreement, *see First Bank of the Americas v. Motor Car Funding, Inc.*, 257 A.D.2d 287, 294, 690 N.Y.S.2d 17, 22–23 (1st Dep't 1999).

### 3. *The Entry of the Default Judgment*

Elliott submits that the district court erred both in entering a default judgment against him and in refusing to vacate its default determination because (1) his default was not willful, (2) Badian would sustain no prejudice from reopening, and (3) Elliott could raise meritorious defenses to the claims. *See New York v. Green*, 420 F.3d 99, 108–10 (2d Cir.2005). We review for abuse of discretion both a district court's entry of a default judgment pursuant to Rule 55(b)(2), *see Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir.2001), and its denial of a motion to vacate a default judgment pursuant to Rule 60(b)(1), *see generally Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005); *New York v. Green*, 420 F.3d at 110. In so doing, however, we are mindful that the law has a "strong preference for

resolving disputes on the merits." *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir.1996).

### A. *Willfulness*

Elliott argues that his default in this case was not willful because he relied on his attorney's representations that the matter was under control. [Blue 21; A 24–25] We note that he did not present this argument to the district court on his Rule 60(b)(1) motion.[1] As a general rule, this court will not entertain an argument raised for the first time on appeal. *See, e.g., Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 106 (2d Cir.2005). Although this case warrants no exception, Elliott's argument is, in any event, unconvincing.

■ A party who has "voluntarily chose[n]" an attorney "as his representative" cannot ordinarily "avoid the consequences of the acts or omissions of this freely selected agent." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir.2004) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (internal quotation marks omitted)). This court has " 'consistently declined to relieve a client under [Rule 60(b)(1) ] of the burdens of a final judgment entered against him due to the mistake or omission of his attorney.' " *Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 837 n. 2 (2d Cir. 1991) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986)) (other internal quotation marks omitted). On the record adduced, we cannot conclude that Elliott has demonstrated either unauthorized or unknown conduct by his attorney, *see United States v. Cirami*, 535 F.2d 736, 739, 741 (2d Cir.1976); *Flaks v. Koegel*, 504 F.2d 702, 711–12 (2d Cir.1974), or his own unsuccessful " 'diligent efforts' " to induce

---

**1.** The district court specifically noted this omission, as well as Elliott's failure to raise a 60(b)(1) challenge to its earlier finding of prejudice and, as a result, understandably did not expand on its earlier ruling or address the arguments that Elliott raises on appeal.

his attorney to "'fulfill his duty'" so as to warrant an exception to this rule, *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir.1998) (quoting *Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir.1978) (*per curiam* )). [A 24–25; A 27; A 230] Accordingly, we hold that the district court did not err in finding that Elliott's default was willful.

### B. *Prejudice*

█ Elliott submits that the district court erred in relying on "'delay alone'" to establish prejudice to Badian in vacating the default. [Blue 22] *New York v. Green*, 420 F.3d at 110 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983)). In fact, the district court's prejudice finding was based on the specific circumstances of this case, notably, that the apparent cessation of operations by BAM and BAC made delayed "discovery more burdensome, as witnesses and files may be difficult to locate." *Badian v. Brandaid Commc'ns Corp.*, 2004 WL 1933573, at *2, 2004 U.S. Dist. LEXIS 17404, at *10. [A 236] When delay creates such discovery difficulties or provides greater opportunity for fraud, a district court does not err in finding that prejudice warrants denial of a Rule 60(b)(1) motion. *See New York v. Green*, 420 F.3d at 110.

### C. *The Existence of a Meritorious Defense*

Elliott submits that he can present meritorious defenses to the defaulted claims. "'In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir.

2004) (quoting *SEC v. McNulty*, 137 F.3d at 740). Elliott fails to proffer such facts.

█ With respect to Count Two, Elliott offers only his conclusory denial of the existence of any contract between himself and Badian. [Blue 23] We have specifically ruled that a defendant "'must present more than conclusory denials when attempting to show the existence of a meritorious defense.'" *New York v. Green*, 420 F.3d at 110 (quoting *Pecarsky v. Galaxiworld.com. Ltd.*, 249 F.3d at 173).

With respect to Count One, Elliott argues that he has a meritorious defense because (1) he was not a party to the employment contract between Badian and BAC, and (2) he never assumed personal liability for that contract. [Blue 18] As noted in the preceding section, however, the fact that Elliott is not a party to that agreement is not an absolute defense to his being held liable for its breach; under a theory of piercing the corporate veil, Elliott could be held liable if it is shown that he dominated BAC and "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [Badian] such that a court in equity will intervene." *Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d at 142, 603 N.Y.S.2d 807, 623 N.E.2d 1157. The complaint alleges facts indicating both domination and abuse, specifically, Elliott's unilateral transfer of substantially all of BAC's assets to BAM without the approval of the BAC board of directors, *see* Compl. ¶ 13 [A 8–9], and his diversion of $200,000 in cash receipts from BAC to BAM, *see* Compl. ¶ 17–18, [A 9] thereby effectively rendering BAC judgment-proof on Badian's breach of contract action against it. These allegations, which we accept as proved on a default, *see Cotton v. Slone*, 4 F.3d at 181, are sufficient to warrant piercing BAC's corporate veil. *See First Bank*

*of the Americas v. Motor Car Funding, Inc.*, 257 A.D.2d at 294, 690 N.Y.S.2d 17.

Although Elliott asserts that he had legitimate business reasons for these transfers, he proffers no facts that, if proved at trial, could demonstrate that the transfer of BAC's assets to BAM (1) without the approval of the BAC board, (2) for no consideration, and (3) without BAM's express assumption of BAC's contractual obligations, had a legitimate business purpose other than to defraud BAC's creditors generally and Badian in particular. *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d at 167.

Accordingly, we hold that the district court did not err in concluding that Elliott has failed to raise a meritorious defense on Counts One or Two.

### 4. *Conclusion*

The judgment of the district court, entered on June 16, 2005, is hereby AFFIRMED.

