**Albert G. FRANTZ, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, Defendant–Appellee.**

No. 06–5598–cv.

United States Court of Appeals, Second Circuit.

Dec. 28, 2007.

Albert G. Frantz, Rome, NY, pro se.

William F. Larkin, Assistant United States Attorney, Northern District of New York, for Glen T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Present ROGER J. MINER, PIERRE N. LEVAL, ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Albert G. Frantz appeals from a judgment of the District Court's denying his motion to reopen a judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeals.

The District Court correctly determined that Rule 60(b)(1) did not entitle Frantz to relief because he did not demonstrate that his attorney's failure to oppose defendant's summary judgment motion was excusable neglect. *See Dominguez v. United States,* 583 F.2d 615, 617–18 (2d Cir.1978) (holding that, in general, a party "is bound by the inexcusable conduct of her counsel," unless there is a "particularized showing of exceptional circumstances explaining [counsel's] gross negligence").

In order to obtain relief under Rule 60(b)(6), a movant must show "exceptional circumstances" or "extreme hardship." *United States v. Cirami,* 563 F.2d 26, 30 (2d Cir.1977). The district court did not abuse its discretion in determining that Frantz demonstrated neither. *Cf. id.* at 31, 33–35 (finding exceptional or extraordinary circumstances based on mental illness causing attorney's default, government's knowledge of the fact that even the court was unable to locate plaintiff's attorney, plaintiffs' frequent inquiries—through his accountant—concerning the status of his case, and plaintiff's showing on the merits).

We therefore affirm the judgment of the district court.